## SARAH McGEE ET AL. v. S. W. TINNER.

### Decided May 28, 1910.

**1.—Homestead—Mortgage by Widow.**

A widow may mortgage her homestead although she be the head of a family of minor children.

**2.—Same—Innocent Grantee.**

Where a widowed mother and a sister conveyed their homestead to a third party for the purpose of enabling their son and brother to use the land as security in purchasing another tract of land from said third party, the conveyance was valid in the absence of evidence that the grantors were induced to execute the deed by fraud on the part of the grantee.

**3.—Evidence—Deed—Certificate of Acknowledgment.**

A notary's certificate of acknowledgment to a deed is conclusive of the facts therein stated unless fraud or imposition in which the grantee participated or had knowledge of, is alleged and proved.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Collins & Cummings* for appellants.

*F. P. Works* and *Vaughan & Hart* for appellee.—The fact that B. A. McGee may have imposed upon his mother and sister, appellants, and by misrepresentations induced them to execute the deed complained of to appellee, could not affect the rights of appellee under the deed, he being ignorant of such imposition and misrepresentation. Webb. v. Burney, 70 Texas, 326; Wiley & Co. v. Prince, 21 Texas, 640.

. The notary's certificate of acknowledgment is conclusive of the facts herein stated unless fraud or imposition in which the grantee participated or had knowledge of, is alleged and proved. Webb v. Burney, 70 Texas, 326; Newton v. Emerson, 66 Texas, 148; Herring v. White, 6 Texas Civ. App., 249; Atkinson v. Reed, 49 S. W., 260.

Unmarried owners may mortgage their homesteads although they be heads of family of minor children. Moore v. Poole, 25 S. W., 802; Rice v. Scottish-American Mort. Co., 30 S. W., 75.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by appellee, S. W. Tinner, against the appellants, Sarah McGee and Ada Moss and also B. A. McGee and W. C. Hays, on the 7th day of April, A. D. 1909, to foreclose a vendor's lien on certain lands described in plaintiff's petition, comprised of one tract of fifteen acres,

and another tract of ten acres of land, and a third tract of eighty-two and a half acres of land. The appellants disclaimed any interest in the eighty-two and a half acres of land, but resisted a foreclosure as to the ten-acre tract and fifteen-acre tract, which two last named tracts will be referred to in this opinion as the twenty-five-acre tract.

The pleadings and the proof showed that the appellants had for a long time been the owners and in possession of said twenty-five acres of land, Sarah McGee being the mother of Ada Moss and B. A. McGee. The appellee herein was the owner of the 82½-acre tract of land, and B. A. McGee being desirous of purchasing said 82½-acre tract induced his mother, Sarah McGee, and Ada Moss, his sister, to execute an instrument which they thought merely pledged their land as security for B. A. McGee in the purchase of the 82½ acres of land from the appellee, but which in fact was a deed conveying the same to the said S. W. Tinner, appellee, and the said S. W. Tinner thereupon conveyed said 82½ acres of land and the twenty-five acres of land to B. A. McGee, taking a vendor's lien note on the entire 107½ acres of land, and this suit is brought upon said note, and a foreclosure was had upon all of said land.

The appellants plead the statute of ten years limitation, and that said land was their homestead, and also plead that the appellee and B. A. McGee entered into a conspiracy and fraudulently induced the appellants to execute the deed to the appellee; and plead further that if the same was not void as a mortgage that same was void because said twenty-five acres of land constituted their homestead. A trial resulted in a verdict for appellee with foreclosure of the vendor's lien upon all of said land.

Appellants assign error as follows: "The court erred in giving a peremptory instruction to the jury to foreclose the alleged vendor's lien on the twenty-five acres of land described in the first amended original answer of the defendants, Sarah McGee and Ada Moss, for the reason that the pleading and the evidence of said defendants showed that said land was the property of said defendants and had been for more than ten years, and that they were not a party to the execution of any vendor's lien, and that the same was not executed with their knowledge or consent, and that their said land was, therefore, not subject to said foreclosure." This assignment is not sustained. The evidence did not show that Mrs. Sarah McGee and Mrs. Ada Moss were induced to execute the deed to S. W. Tinner for the twenty-five-acre tract by fraud on his part. The evidence showed that appellee, S. W. Tinner, was not present and knew nothing of the arrangements between appellants Sarah McGee and Ada Moss, and B. A. McGee relative to this land, and appellee made no statement to appellants inducing them to execute the deed to him. They executed the same for the purpose of allowing B. A. McGee to use the land as security in purchasing the 82½-acre tract. He did use it for that purpose and, by the arrangement made, appellee secured a valid vendor's lien thereon. The fact that Mrs. McGee and Mrs. Moss had been in possession and owners of the twenty-five acres over ten years and that the same was their homestead furnished no reason why they could not create a valid lien thereon.

It is held that an unmarried woman may mortgage her homestead, although she be the head of a family of minor children. Moore v. Poole, 25 S. W., 802; Lacy v. Rollins, 74 Texas, 566.

Again, the deed from Mrs. McGee and Mrs. Moss to S. W. Tinner conveying the twenty-five-acre tract was acknowledged by each of the grantors, and the notary's certificate was on the deed when it was delivered to appellee. The case then falls clearly within the ruling in Webb v. Burney, 70 Texas, 326, and is governed by the law as therein announced, that is, that the notary's certificate is conclusive of the facts therein stated unless fraud, or imposition, in which the grantee participated or had knowledge of, is alleged and proven. As stated, there was no fraud proven on the part of appellee.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.