FLINCH v. WOOD.

(Supreme Court, Appellate Term, First Department.  December 30, 1913.)

BILLS AND NOTES (§ 238*)—ACCOMMODATION INDORSER—LIABILITY.

    A person who, for the accommodation of the payee and without consideration, indorses a note after its delivery to, and acceptance by, the payee, is not liable thereon to the payee.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 565, 566; Dec. Dig. § 238.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Robert Flinch against Francis B. Wood.  From judgment for plaintiff for $144.41 damages and costs, defendant appeals.  Reversed, and complaint dismissed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Wm. W. Young, of New York City, for appellant.

Samuel J. Siegel, of New York City, for respondent.

GUY, J.  The evidence shows that the indorsement by defendant of the note in suit, about a week after its delivery to and acceptance by the payee, was an accommodation indorsement for the benefit of the payee, to establish the credit of the payee, for the purposes of discount. No consideration passed, as between the payee and the indorser, for such indorsement, and the indorser cannot, under such circumstances, be held liable to the payee therefor.  Haddock v. Haddock, 192 N. Y. 499, 85 N. E. 682, 19 L. R. A. (N. S.) 136; Kohn v. Consolidated Butter & Egg Co., 30 Misc. Rep. 725, 63 N. Y. Supp. 265.

The judgment must therefore be reversed, and the complaint dismissed, with costs.  All concur.