MAGILL et al. v. McCAMLEY.
(No. 7026.)

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1915. Rehearing Denied Jan. 20, 1916.)

1. PLEADING &8—CONCLUSIONS.
   The answer to a suit on a note that defendants were merely accommodation makers, and that the note was signed by them for the sole accommodation of the payee, was bad as merely stating the pleader's conclusions.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. &8.]

2. BILLS AND NOTES &96—ACCOMMODATION INDORSEMENT — CONSIDERATION — ANSWER —SUFFICIENCY.
   It is no defense to a suit on a note given by the principal maker in payment of an account due to plaintiff that defendants signed without consideration at plaintiff payee's request upon his statement that he was hard pressed for money and that if they would sign the note he could sell it to P. and get money on it, since the extension of the time of payment of the due account by the execution of the note was sufficient consideration therefor, and no intention to excuse defendants from liability thereon is inferable from the facts pleaded.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 165; Dec. Dig. &96.]

Appeal from District Court, Matagorda County; Saml. J. Styles, Judge.

Action by W. L. McCamley against G. M. Magill and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Gaines & Corbett, of Bay City, for appellants. Linn & Austin, of Bay City, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the Burton D. Hurd Land Company, Burton D. Hurd, F. H. Jones, and C. M. Magill, to recover the principal, interest, and attorney's fees due upon a note for $2,894.25 executed by defendants and payable to appellee.

The defendants Magill and Jones, in their first amended original answer, pleaded specifically as follows:

"Now come the defendants, C. M. Magill and F. H. Jones, and, leave of the court first had and obtained for such purpose, file this their first amended original answer herein, and demurring generally to plaintiff's original petition filed herein, say that the same is insufficient to entitle the plaintiff to the relief prayed for, or to any relief whatsoever, and of this the judgment of the court is prayed.

"(1) And for answer herein, if any there need be, these defendants, in a purely formal way, deny each and every, all and singular, the allegations in said original petition contained, and will demand strict proof thereof.

"(2) Specially answering said petition, and particularly the first paragraph thereof, these defendants say that they admit that they signed the promissory note for $2,894.25, but deny that they or either of them are in any manner liable thereon, because they say that, in so far as these defendants and each of them are concerned, they and each of them were merely accommodation makers of said note, and that said note was signed by them and each of them for the sole accommodation of the payee therein, who is still the legal holder thereof, as is shown by plaintiff's original petition filed herein.

"(3) Further specially answering paragraph 1 of said original petition, these defendants and each of them say that no beneficial consideration or thing of value moved to either of these defendants, or the Burton D. Hurd Land Company, or Burton D. Hurd individually, for the execution and delivery of said note, and long prior thereto the Burton D. Hurd Land Company, the principal maker of said note, was indebted to either W. L. McCamley, Wm. E. Austin & Co., or the Wm. E. Austin Abstract Company (these defendants being unable, because of the confusion in the contentions of the plaintiff herein, to determine to which of the three foregoing named persons or corporations said debt was due) for certain abstract work covering a long period of time, and all of which abstract work was done for the sole and exclusive use of the Burton D. Hurd Land Company; that the said McCamley, at the time of

the execution and delivery of said note sued upon, approached the defendant G. M. Magill and stated to the said G. M. Magill that if the said Magill, Jones, and Hurd would sign the note for the amount due by the said Burton D. Hurd Land Company, along with the said Burton D. Hurd Land Company, the plaintiff could and would negotiate and sell said note to A. B. Pierce, of Blessing, Tex., stating that he was hard pressed for money, and that if the said Magill, along with the others, would sign said note, he could sell the note to A. B. Pierce and get money therefor, and that such execution and delivery of said note by the said G. M. Magill, Jones, and Hurd, for such purpose, would be an accommodation to the plaintiff; that upon such state of facts, upon such request, and for such purpose, the said Magill signed, and likewise the said Jones and Hurd signed along with the said Burton D. Hurd Land Company for the purposes and under the state of facts just above set out.

"(4) That, as a matter of fact, the said plaintiff never did offer such note to the said A. B. Pierce for purchase, and never did seek to sell said note so signed to A. B. Pierce, which is the note sued upon in this cause.

"(5) That if the said McCamley had, as he had agreed to do, offered such note to A. B. Pierce, for purchase, these defendants charge, on information and belief, that A. B. Pierce would have purchased said note for money.

"(6) That if the said Pierce had acquired said note, as it was intended by the parties, plaintiff and defendants, that he should, these defendants say upon information and belief that the said A. B. Pierce would have collected said note out of equities, rights, or interest then in his hands belonging to the said Burton D. Hurd Land Company, or out of assets, equities, rights, and interest afterwards coming into his hands, and that said note would have been paid off, satisfied, and discharged."

The plaintiff filed a second supplemental petition and directed special exceptions to paragraphs 2, 3, 5, and 6 of defendants' amended answer, and the court sustained the exceptions to paragraphs 2 and 3 of defendants' amended answer.

The answer of the remaining defendants, who have not appealed from the judgment of the trial court, need not be noticed.

The trial in the court below without a jury resulted in a judgment in favor of plaintiff against all of the defendants for the amount due upon the note.

Under appropriate assignments of error, the appellants assail the judgment on the ground that the trial court erred in sustaining plaintiff's special exceptions to paragraphs 2 and 3 of defendants' answer.

The special exceptions sustained by the court were as follows:

"And specially demurring to paragraph No. 2 of said answer, he says that the same is insufficient because it states merely a conclusion of the pleader and does not set out any facts that would create an accommodation maker of the note of the defendants.

"And specially demurring to paragraph No. 3 of said answer, he says same is wholly insufficient because it fails to show any defense or that these defendants were not beneficiaries of said note and the extension of the debt thereby granted, and because it fails to show or allege that the plaintiff was in any way obligated to pay off or discharge said note, or that he incurred any liability thereon whatever at any time."

[1] We do not think the court erred in sustaining these exceptions. Paragraph 2 of the answer states no facts upon which the conclusion that appellants were merely accommodation makers of the note, and not liable to plaintiff thereon, can be based, and it is elementary that an allegation or averment of a legal conclusion, when no facts are stated from which such conclusion can be drawn, is insufficient pleading.

[2] The facts averred in paragraph 3 of the answer show that the note sued on was executed for an amount then due by the land company. The note was payable 12 months after date, and its execution necessarily extended the time of payment of the then due account. This was a sufficient consideration for the note. The fact that the plaintiff stated to these appellants, before they executed the note, that he was hard pressed for money and that if they would sign the note with the other defendants he could sell it to Mr. Pierce and "get money thereon," and that it would be an accommodation to him if appellants would execute the note, and that appellants signed the note upon this state of facts, present no defense to plaintiff's suit. It cannot be inferred from these facts that either plaintiff or appellants understood or intended that appellants would not be held liable on the note. Certainly there was no agreement, expressed or implied, on plaintiff's part, to protect appellants against the liability incurred by them by signing a note for a debt due by their comakers, and they cannot upon the facts stated claim to be relieved of their contract undertaking to pay plaintiff the amount due upon the note.

In Parker v. Lewis, 39 Tex. 395, cited by appellants, there was an agreement by the payee of a bill of exchange with the drawee that, if the latter would accept the bill so as to enable the payee to raise the money thereon, he, the payee would protect the drawee against any liability thereon.

A similar state of facts existed in the case of Bank & Trust Co. v. Ford, 152 S. W. 704, also cited by appellants. The facts of these cases easily distinguish them from the instant case.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes