GILBREATH et al. v. CAGE & CROW.
(No. 742.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 8, 1917.)

1. APPEAL AND ERROR ⟝282—REQUISITES TO
APPEAL—NEW TRIAL.
Where the case is tried by the court, a motion for a new trial as a prerequisite for an appeal is unnecessary.

2. APPEAL AND ERROR ⟝1012(1)—WEIGHT OF
TESTIMONY—REVIEW.
Judgment of the trial court as to the weight to be given testimony will not be disturbed on appeal.

3. BILLS AND NOTES ⟝96—ACCOMMODATION
MAKER—CONSIDERATION.
Where defendant signed the note as an accommodation, it was not necessary that any consideration pass directly; a consideration moving alone to the principal being sufficient.

4. HOMESTEAD ⟝142(1) — EXEMPTIONS —
"HEADS OF FAMILIES."
In suit against unmarried children upon their notes secured by a trust deed upon homestead of their deceased parents, such homestead was not exempt; the articles of the Constitution exempting homesteads from forced sale applying only to "heads of families," as to voluntary mortgagors.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Head of a Family.]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Suit by Cage & Crow against W. C. Gilbreath and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

B. E. Cook, of Stephenville, for appellants. Alex Johnson and Keith & Pittman, all of Stephenville, for appellees.

HARPER, C. J. This suit was instituted by Cage & Crow, doing business as a joint-stock company (since the suit was filed Mrs. Janie Cage, surviving widow of J. H. Cage, has succeeded to all the rights of the original plaintiffs), against W. C. and S. F. Gilbreath for the sum of $1,449.60, evidenced by certain vendor's lien notes and secured by deed of trust upon land and cattle described, and to foreclose said liens.

Appellants answered by general denial, plea of non est factum as to the execution of the deed of trust and notes, failure of consideration to Miss Gilbreath upon one note, and that the lands described in the deed of trust was their homestead, and therefore exempt, etc.

Tried by the court without a jury, and judgment rendered for the amount sued for and for foreclosure of the lien, from which this appeal.

[1] Appellees object to the consideration of the assignments of error upon the ground that no motion for a new trial was filed.

Where the case is tried by the court without a jury, it has never been necessary to file a motion for a new trial as a prerequisite for an appeal. Greer Mills & Co. v. Featherston, 95 Tex. 654, 69 S. W. 69; Craver et al. v. Greer, 107 Tex. 356, 179 S. W. 862.

[2] The first, second, and third raise the questions: Is the evidence sufficient to sustain the findings of the trial court against appellants upon their pleas of non est factum as to notes and deed of trust, and their plea of failure of consideration as to notes invoked by Miss Gilbreath? Upon the plea of non est factum appellants admitted their signatures. The notary testifies that they were signed in his presence after an explanation of the contents of the papers which appellants swear they did not know and understand the contents of. The trial court is the judge as to the weight to be given the testimony, and, he having resolved it in favor of appellees, we are not at liberty to disturb the judgment.

[3] As to the absence of consideration for Miss Gilbreath's signature to the note of her brother, she says she signed it simply as an accommodation. In such cases it is not necessary that any consideration pass directly to the surety, but a consideration moving alone to the principal is sufficient. Bonner Oil Co. v. Gaines et al., 191 S. W. 552.

[4] The fourth, fifth, and sixth urge that the pleadings assert and the undisputed evidence shows that the lands upon which the deed of trust rests and some of the cattle described therein are exempt to defendants as their homestead.

In support of their proposition they cite Lacy v. Rollins, 74 Tex. 566, 12 S. W. 314, and Smith v. Von Hutton, 75 Tex. 625, 13 S. W. 18. These cases hold that an unmarried man, though he may have a family, may mortgage his homestead, and a sale thereunder will pass title. The facts here are that W. C. Gilbreath and his sister are both single, and living upon their parents' (now deceased) homestead, and now claim it as their homestead. As indicated above, the article of the Constitution exempting homesteads from forced sale has been construed to apply only to heads of families as to voluntary mortgagors. McGee v. Turner, 61 Tex. Civ. App. 347, 129 S. W. 866; Bateman Bros. v. Pool, 84 Tex. 405, 19 S. W. 552; Watts v. Miller, 76 Tex. 13, 13 S. W. 16.

The seventh is an attempt to raise all the questions urged by the others, and must be overruled for the reasons assigned above.

Finding no error, the cause is affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.