NATHAN BAGGISH *vs.* SAMUEL OFFENGAND ET AL.

First Judicial District, Hartford, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

An indorser of a note who pleads in defense that he signed the instrument at the request and for the sole accommodation of the plaintiff payee, without consideration therefor, assumes the burden of proving the truth of these allegations.

The facts of record in the present case reviewed and *held* insufficient to warrant the conclusion that the defendant was an accommodation indorser, as alleged by him; and that, on the contrary, the only permissible conclusion was that the defendant was a prior indorser liable to the plaintiff as a holder in due course.

Usury between the maker and payee of a note is not available as a defense to an indorser, in the absence of any allegation or proof that he was a party to the agreement and could be injured by it.

The case of *Baggish* v. *Offengand*, 97 Conn. 312, reaffirmed.

Argued October 4th—decided November 17th, 1923.

ACTION by the payee against the maker and the indorser of a promissory note, brought to and tried by the Superior Court in Hartford County, *Hinman, J.;* facts found and judgment rendered for the plaintiff to recover of the defendant indorser $6,273, and appeal by that defendant. *No error.*

*Josiah H. Peck,* for the appellant (defendant Kaplan).

*William F. Henney* and *Morris Older,* for the appellee (plaintiff).

BURPEE, J.   This case was before this court on an appeal from the denial of a motion to set aside a nonsuit. *Baggish* v. *Offengand,* 97 Conn. 312, 116 Atl. 614. In accordance with the mandate of this court, the cause was remanded and proceeded with as if no nonsuit had been granted. No change was made in the pleadings, which are fully stated in the report of the former appeal.

Upon this trial the court found all the issues in favor of the plaintiff. In its finding it states that the defendant Kaplan did not attempt to deny his signature on the note in suit in such a position as to render him liable to the plaintiff as a prior indorser. Therefore it is apparent that the plaintiff had "produced sufficient evidence to prove the allegations of his complaint," as we had declared in the opinion in the former appeal, giving the reasons fully. 97 Conn. 312, 316, 116 Atl. 614. But Kaplan relied, as the trial court finds, upon his special defenses to avoid the liability to the plaintiff which the proved or admitted facts alleged in the complaint would fix on him. In one of these defenses, he set up that at the request and for the sole accommodation of the plaintiff, without receiving any value therefor, and for the sole pur-

pose of lending his name to the plaintiff, he placed his name on the back of the note. The burden of proving facts which would establish this defense of course rested upon him who set it up. This burden Kaplan could not carry. The trial court has set forth the facts which it finds to have been established by conflicting testimony. They are the same essential facts as the plaintiff offered evidence tending to prove during the first trial, which are set forth in the opinion on the former appeal. 97 Conn. 312, 316, 317, 116 Atl. 614. These facts either directly contradict the allegations of this special defense or evidently fail to prove them. They reveal that the indorser showed great interest in soliciting and in putting through the loan, and that he lent his credit to the maker of the note, who, instead of the plaintiff, manifestly was the person accommodated, and that he assumed the risk of a prior indorser; but they do not by any means prove that he did this without receiving value therefor. If this defendant produced any evidence of other facts than those which are set out in the finding, it was evidently not sufficient to satisfy the trial court that he was an accommodation indorser within any accepted definition of the term. The finding is not questioned in this appeal, and certainly in the facts which are stated therein none can be found to warrant a conclusion that this defendant had proved the allegations of this special defense and established his claim that he was an accommodation indorser. Therefore the only legal deduction that can be drawn from the facts which appear in the record is that the defendant Kaplan was a prior indorser liable to the plaintiff as a holder in due course. We have stated the controlling law in our former opinion. *Baggish* v. *Offengand*, 97 Conn. 312, 315, 116 Atl. 614.

In this appeal the only reasons which the appellant insists upon are founded on the assertion that he was an

accommodation endorser, and therefore was entitled to rely on his special defense that the agreement between the plaintiff and the maker of the note was usurious. Whether it was so or not it is not necessary now to decide. Whatever it was, the appellant did not allege in his special defense, nor does it appear as a fact, that he was a party to it and could be injured thereby. And, as we have said, it does appear that he failed to prove that he was an accommodation endorser. Hence the appellant has laid no foundation for these reasons of appeal. Under the pleadings and the facts which appear in the record of this case, which in all essential respects are the same as those which were before us in the former appeal, we discover no cause to change our conclusions concerning the liability of this defendant as an endorser, and the futility of his attempt to escape his liability behind the defense of usury in the agreement between the maker and payee of the note. In such circumstances, it could not rationally be expected that the trial court would reach other conclusions.

There is no error.

In this opinion the other judges concurred.