### LAMPP v. FARMERS' NAT. BANK OF HILLSBORO.

No. 916.

Court of Civil Appeals of Texas. Waco.

June 12, 1930.

Rehearing Denied July 3, 1930.

J. E. Clarke, of Hillsboro, and Joseph W. Hale, of Waco, for appellant.

Wear, Stollenwerck & Wear, of Hillsboro, for appellee.

### BARCUS, J.

Appellee instituted this suit against appellant and R. T. Frazier on a note executed by appellant to R. T. Frazier for $1,050, dated December 15, 1927, due October 1, 1928, and by Frazier indorsed in blank. The cause was tried to the court and resulted in judgment being entered for appellee against Frazier and appellant jointly. Appellant alone appeals.

█ Appellant's sole contentions are that the note was given by him to Frazier without any consideration, and that appellee at the time it purchased or obtained possession thereof knew said fact, and by reason thereof it was not a holder in due course and was not therefore entitled to recover against him. The material facts are practically without dispute. R. T. Frazier owned 285 acres of land in Hill county, which was heavily incumbered with past-due indebtedness. About March, 1927, he borrowed $1,050 from W. M. Williams and Sam Anderson, as individuals, they were at said time, however, president and vice president, respectively, of appellee bank, with which to pay the taxes and interest on said indebtedness for the year 1926. In the fall of 1927 Frazier rented said land to appellant for the year 1928 on the third and fourth basis. At the time or shortly after appellant made the rental contract, he was informed both by Frazier and by W. M. Williams that Frazier needed and must have $1,050. In order to enable Frazier to raise said amount, appellant, at the suggestion of Williams, agreed to and did execute the note in controversy, with the positive understanding at the time he signed same that Frazier was to immediately sell the note and obtain the full face value thereof. Before appellant would sign the note, he required Frazier to and he did give appellant a written agreement, under the terms of which appellant was authorized to use the rents, or a sufficient amount thereof, coming to Frazier from the land during 1928 on the third and fourth basis to pay said note, or reimburse him (appellant) to the extent of $1,050, together with interest thereon. The rents for 1928, amounting to $440, were paid on said note, and appellee bank brought this suit for the balance thereof. At the time the note was given, appellant testified he thought the rents for the year 1928 would be sufficient to pay said note in full. Frazier's contract with appellant further provided that in event the rents for 1928 did not pay the debt, the remainder should be retained by him out of the rents for

1929. Appellant testified that he knew at the time he executed the note that the land was heavily incumbered and was liable to be sold, and that as a matter of fact in May, 1928, the land was sold to pay the indebtedness against same, and Frazier thereby lost all control over the land. Appellant testified that he did not rent the land from Frazier for 1929 and that at the close of .1928 he voluntarily left said land.

Under article 5933 of the Revised Statutes, section 29 of the Negotiable Instruments Act, it is specifically provided that:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. `Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

█ The evidence is without dispute that appellee bank paid to Frazier the full face of the note at the time of purchasing same from him on or about the date it was executed. Under appellant's own testimony he gave Frazier the note with the full understanding and for the sole purpose of permitting Frazier to use the note in order that he (Frazier) might sell it and thereby raise the $1,050. No one claimed that appellant owed either Frazier, Williams, Anderson, or the bank any money at said time. The sole purpose of appellant's executing the note and delivering same to Frazier was to accommodate Frazier and assist him in raising or borrowing said amount. Under the plain provisions of the statute above quoted, appellant was an accommodation party and appellee bank, having for value purchased said note, was entitled to demand of appellant that he pay same. Our courts have specifically laid down the doctrine, in State Banking Board v. James, 264 S. W. 145, 149, par. 3, that: "An accommodation note, is one to which the accommodating party puts his name, without consideration, for the purpose of benefiting or accommodating another party who desires to raise money on it, and who is to provide for the note when due." (Citing authorities.) Clearly, if the note had originally been made payable to the bank and had been signed by R. T. Frazier as principal and appellant as surety, and the bank had paid Frazier the full amount thereof and Frazier had in turn paid same to Williams and Anderson for a debt he owed them, appellant would be, under the provisions of the Negotiable Instruments Act, obligated to pay said note to the bank by reason of his being an accommodation maker. The fact that appellant made the note payable to Frazier, with full knowl-

edge on his part that Frazier was immediately to indorse and sell same, did not in any way change the relationship of the parties. Appellant admittedly under his testimony was accommodating Frazier and assisting him to raise $1,050 which Frazier and Williams both told appellant Frazier needed. Appellant's contention that the note was without consideration is of no avail against appellee bank under the provisions of the Negotiable Instruments Act quoted above, since it was unquestionably the owner and holder thereof and had paid to Frazier the full amount thereof.

Appellant's propositions are overruled, and the judgment of the trial court is affirmed.