WILLIAM McADAM, Respondent, v. WHOLESALE DRY CLEANING & DYEING WORKS, INC., Defendant, Impleaded with JOHN J. BEATTIE and Another, Appellants.

Fourth Department, March 18, 1931.

*Morris Weinstein,* for the appellants.

*Leo F. Donnelly,* for the respondent.

PER CURIAM. The evidence in this case presented an issue of fact as to whether or not the indorsements of the appealing defendants Beattie and Kincaid on the promissory note of the Wholesale Dry Cleaning & Dyeing Works, Inc., were given at the request of plaintiff, who was the payee, upon an agreement between the

plaintiff and the appellants that they were not to be liable to the payee on their indorsements. That was the fundamental question in the case. If such agreement was made, the indorsements were for the accommodation of the plaintiff, the payee, and the plaintiff could not recover from the defendants upon their indorsements. (*Higgins* v. *Ridgway*, 153 N. Y. 130.)

The defendants themselves testified that the note had already been negotiated by the maker to the plaintiff, the payee, before it was indorsed by the defendants, under such an arrangement as above referred to. The plaintiff testified to the contrary, that the defendants indorsed the note before he accepted it, and denied the existence of any such agreement as has been mentioned. There is also evidence, taking the record as a whole, which would have justified a jury in concluding that even though the indorsements were on the note when it was negotiated, there was such an agreement between the defendants and the plaintiff entered into before the defendant received the note.

The trial court attempted to simplify the issue and, overlooking the evidence just referred to, charged the jury that the sole question in the case was whether the indorsements were given before or after the negotiation of the note by the maker to the plaintiff. A proper request was made by defendants' counsel for a charge to the effect in substance that plaintiff could not recover if the plaintiff had agreed that the defendants should not be liable to him on their indorsements. This request was denied and an exception duly taken. The denial of this request was reversible error.

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.