### CANTU v. BRISCOE MOTOR PARTS, Inc.
#### No. 9517.

Court of Civil Appeals of Texas. San Antonio.

Feb. 13, 1935.

Rehearing Denied March 13, 1935.

See, also, 60 S.W.(2d) 1063.

Oliver C. Aldrich, of Edinburg, for appellant.

Paul H. Brown, of Harlingen, for appellee.

SMITH, Justice.

Briscoe Motor Parts, Inc., operated a motor parts business at Harlingen, and Luis Garza, A. B. Cantu, and G. E. Garcia, partners, operated a garage under the tradename of "G. C. Garage." This action was brought by the corporation against the individual partners, Garza, as maker, and Cantu and Garcia, as sureties, upon a promissory note alleged to have been executed by them, and payable to the corporation. In a trial without a jury, the court discharged Garcia, and rendered judgment against Garza and Cantu, jointly and severally, upon the note. The judgment against Garza, as maker of the note, was by default, but Cantu, the surety, made a vigorous contest, and has appealed from an adverse judgment.

The trial court found, upon sufficient evidence, that the note was executed in settlement of an open account owed by Garza to appellee, and for the further consideration of securing additional credit, with appellee, for the G. C. Garage business; that appellee agreed to accept the note if and when executed by Garza and Cantu; that Cantu signed it with the understanding that Garza would sign and deliver it to appellee, and signed and delivered it to Garza for that purpose; that subsequently Garza secured the signature of Garcia, the other partner, upon the note, but later on, when Garcia withdrew from the firm, Garza ran a pencil line through Garcia's signature, and while it was in that condition delivered the note to appellee, the payee, in accordance with the original understanding between appellee, Garza, and Cantu. Neither the payee, nor Cantu, the original surety, contemplated or knew that Garcia intended to, or did, execute the note, until after he had signed and his signature had been erased by Garza. In short, Garza's actions, first, in procuring, and, second, in erasing, Garcia's signature, was a private transaction between Garcia and Garza, beyond the contemplation and without the knowledge, consent, acquiescence, or ratification of appellee, the payee, and Cantu, the surety.

Cantu first contends, in this appeal, that as no consideration passed directly to him for the execution of the note, he could not be bound thereon as surety, or accommodation maker. There is no merit in this contention. To bind an accommodation maker it is not necessary that any consideration move directly to him; in fact, if there be such consideration, it would fix his status as that of maker, rather than of surety.

The liability of the surety is determined and fixed when it is shown that some consideration passed to his principal, the maker. Here, that consideration, to the maker, was evidenced by the settlement of the existing debt, and the further consideration of additional credit. Those considerations, passing to the maker of the note, were sufficient to fix liability, not only upon Garza, the maker, but upon Cantu, the surety, as well. 6 Tex. Jur. pp. 652, 653, 659, §§ 54, 55, 59. We overrule appellant's first proposition.

In his second, third, fourth, and seventh propositions appellant attacks the sufficiency of the evidence to support certain findings of fact made by the trial judge. We find from an examination of the statement of facts that those findings are supported by the evidence, and are therefore adopted as the findings of this court.

In his fifth and seventh propositions, appellant, Cantu, contends that he was released from liability as accommodation maker by the circumstance that Garza, the maker, procured and then erased the signature of Garcia (as cosurety). We overrule these propositions. The obligation of Cantu, as surety, to appellee, as payee, was fixed without reference to Garcia, who was a stranger to the transaction at the time the contract was made. As between the payee and surety, Cantu, it is immaterial that Garza, the maker, afterwards (and without the knowledge, acquiescence, or ratification of the payee) induced Garcia to sign as additional surety, but erased this added signature before delivery of the paper to the payee. The note was thus delivered to the payee in the very condition contemplated in the agreement of the parties, and the fact that the principal obligor took it upon himself, before delivery of the paper, to obtain, and then erase, the signature of an additional surety, could not affect the fixed liability of the accommodation maker. Such tampering might create or dis-

arrange the liabilities between the maker and the surety, but it could not disturb existing liabilities of maker and surety to the payee, who was not a party to, and knew nothing of, the tampering. As between the original parties, there was no material alteration. This is elemental. Appellant's fifth and seventh propositions will be overruled.

The judgment is affirmed.