PATRICK A. CALLERY et al., Respondents, *v.* JOHN D. LYONS, Appellant.

Argued November 22, 1943; decided January 13, 1944.

*Lawrence H. Cooke, Nellie Childs Smith* and *John D. Lyons,* in person, for appellant.  I. If an indorser signs for the accommodation of the payee he is not liable to the payee and the proof here shows that defendant was such an indorser. (Negotiable Instruments Law, § 114; *Wittemann v. Sands,* 238 N. Y. 434; *Franklin v. Kidd,* 219 N. Y. 409; *Haddock, Blanchard & Co. v. Haddock,* 192 N. Y. 499; *Horne v. Loughman,* 264 App. Div. 124; *McAdam v. Wholesale Dry Cleaning & Dyeing Works, Inc.,* 232 App. Div. 30; *Wittemann v. Spencer,* 205 App. Div. 855; *Easton Furniture Mfg. Co. v. Caminez,* 146 App. Div. 436; *Bender v. Bahr Trucking Co.,* 144 App. Div. 742; *Simonowitch v. Schwartz,* 67 App. Div. 535; *Crawford v. Debevoise-Anderson Co.,* 136 Misc. 838; *Cohen v. Rossmoore,* 225 App. Div. 300.)  II. Determination of the issues of fact was for the jury.  (*La Rose v. Donnelly,* 219 App. Div. 181; *Witteman v. Sands,* 238 N. Y. 434; *Higgins v. Ridgway,* 153 N. Y. 130; *Easterly v. Barber,* 66 N. Y. 433; *McAdam v. Wholesale Dry Cleaning & Dyeing Works,* 232 App. Div. 30; *Strasburger v. Strasburger & Co.,* 167 App. Div. 198; *Bender v. Bahr Trucking Co.,* 144 App. Div. 742; *George v. Bacon,* 138 App. Div. 208; *Simonowitch v. Schwartz,* 67 App. Div. 535; *Ollendorf v. Lissberger,* 176 Misc. 661; *Franco v. Swartz,* 131 Misc. 74; *Niagara County Bank & Trust Co. v. La Port,* 233 App. Div. 501.)  III. Direction by the Appellate Division of judgment in favor of plaintiffs was erroneous.  (*Carlisle v. Norris,* 215 N. Y. 400; *Fagan v. Atlantic Coast Line R. R. Co.,* 220 N. Y. 301; *Tortora v. State,* 269 N. Y. 167; *La Rose v. Donnelly,* 219 App. Div. 181.)

*Ellsworth Baker* for respondents.  I. Under the undisputed facts defendant is liable to plaintiffs.  Plaintiffs did not request defendant to indorse the note in question.  II. There were no issues of fact to be determined by the jury.  III. The direction by the Appellate Division of judgment for plaintiffs was proper.  IV. The Appellate Division was not in error as to the law apply-

ing to an accommodation indorser. (*Packard* v. *Windholz,* 88 App. Div. 365, 180 N. Y. 549; *English* v. *Schlesinger,* 55 Misc. 584; *Isaacs* v. *Cohn,* 10 App. Div. 216, 161 N. Y. 663.)

RIPPEY, J. This action was brought by plaintiffs to recover against defendant upon a promissory note made by Max Zall, dated March 25, 1933, payable, with interest, three months thereafter to the order of plaintiffs at the National Union Bank of Monticello, N. Y., and indorsed in blank in order by Sarah Zall and defendant. The instrument was the end note of a series of renewals of a note originally made by Zall on January 21, 1931, for $700, with the same indorsements in order in blank, payable to plaintiffs' order at that bank, then discounted by plaintiffs at the bank and credited to plaintiffs' account. When the renewal note in suit was not paid at maturity, it was protested by the bank for nonpayment and charged into plaintiffs' account. The maker failed to pay the note and plaintiffs were the owners and holders of the note at the time suit was brought.

In addition to denials which put in issue the essential allegations of the complaint, the answer contains a separate specific defense that the indorsement by defendant was without consideration and solely for the accommodation of Zall and of plaintiffs upon an understanding and agreement that defendant was an accommodation indorser and should not be held liable as an indorser or otherwise upon the note.

Upon the face of the instrument, defendant was *prima facie* liable to plaintiffs by virtue of his indorsement. Nonetheless, he might relieve himself from liability by showing by parol evidence and by circumstances surrounding the transaction that he was an indorser for the accommodation of the payees and that, as between himself and the payees, it was understood and agreed that he should not be held liable to them for the payment of the note (*Easterly* v. *Barber,* 66 N. Y. 433; *Haddock, Blanchard & Co.* v. *Haddock,* 192 N. Y. 499; *Franklin* v. *Kidd,* 219 N. Y. 409; *Wittemann* v. *Sands,* 238 N. Y. 434). Proof of the relations of the parties and of the alleged agreement might be established either by direct or by circumstantial evidence or by both (*Wittemann* v. *Sands, supra*). It was not essential that anyone should say to defendant in specific words that he would not be held liable on the said note (*George* v. *Bacon,* 138

App. Div. 208, 209, 210). If upon the whole record the jury were justified in concluding that such an agreement was made or that such an understanding existed, plaintiffs could not recover upon his indorsement.

Upon the record here, the jury were authorized to find that plaintiffs, during the period from 1929 to 1933, were partners engaged in the building supply business at Monticello, N. Y., and were large borrowers on customers' paper at the National Union Bank of Monticello; that Zall was a building contractor and became indebted to plaintiffs for purchases of supplies; that plaintiffs demanded payment from Zall therefor in cash and that the latter was unable to comply with the demand; that the plaintiffs thereupon requested Zall to execute and deliver his note, with an indorser satisfactory to the bank, to accommodate plaintiffs in discounting the note and in securing additional credit; that Zall requested defendant to indorse the note, whereupon defendant discussed the matter with one of the plaintiffs and asked him why the latter desired to have him (defendant) indorse the note and was told that Zall owed them money, that they wanted to use the money, that they had a lot of paper at the bank, that the bank would not be satisfied with the names of Zall and his wife and that they would like to have his indorsement to help them out; that defendant placed his indorsement on the note solely for the accommodation of plaintiffs; and that there was an understanding or agreement, express or implied, that, as between defendant and the payees, there would be no liability of the former to the latter because of such indorsement. A question of fact was presented upon which reasonable men might draw different inferences as to the intent or agreement between the parties (*McAdam* v. *Wholesale Dry Cleaning & Dyeing Works, Inc.*, 232 App. Div. 30; *Easterly* v. *Barber, supra; Wittemann* v. *Sands, supra*) and questions of credibility were involved which disabled the court from directing a verdict in plaintiffs' favor (*McDonald* v. *Metropolitan Street Ry. Co.*, 167 N. Y. 66, 69, 70).

The conversations and transactions out of which the alleged agreement arose occurred before and at the time of the making, indorsement, delivery and negotiation of the original note. There is no claim that any specific agreement or understanding arose at the time the renewal note in suit was indorsed by

defendant. If the agreement was made or understanding between the parties was reached when the original note was indorsed by defendant that defendant was a mere accommodation indorser for plaintiffs and that he should have no liability to plaintiffs for the payment of the note and if that arrangement and under-standing was in the minds of the parties when the renewal note, the one in suit, was executed by Zall, indorsed by defendant and delivered, the conclusion follows, as the court correctly charged, that the agreement or understanding attached to the renewal note (*Easterly* v. *Barber, supra,* p. 439).

The judgments should be reversed and a new trial granted, with costs to appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgments reversed, etc.