**J. E. ADAMSON'S ESTATE et al.,
Appellants,**

v.

**J. C. STROUD et al., Appellees.**

**No. 11566.**

Court of Civil Appeals of Texas.
Austin.

March 6, 1968.

Rehearing Denied March 27, 1968.

————◆————

Paul M. Branch, Kilgore; Spruiell, Lowry, Potter, Lasater & Guinn, Charles F. Potter, Tyler, Barkley, Cutcher & Alderson, Jack R. Barkley, Taylor, for appellants.

Gordon Wellborn & Rex Houston, Ronald D. Krist, Henderson, Joe B. McMaster, Georgetown, for appellees.

PHILLIPS, Chief Justice.

This suit was filed by Texas Capital Corporation against Kilgore Petroleum Company, the Estate of J. E. Adamson, deceased, and E. D. Markham, to recover on a promissory note dated February 5, 1964, for the principal sum of $480,355.75 (the unpaid balance of which at the time of trial was $418,961.00), and to foreclose a deed of trust on properties owned by Kilgore Petroleum Company, oil properties in the Bethany Field, Panola County, Texas. The money had been loaned by Texas Capital to Kilgore Petroleum. The note was signed by Kilgore Petroleum and its sole stockholders, J. E. Adamson and E. D. Markham. All signed as makers, however, appellants contend that Adamson and Markham signed for the accommodation of Kilgore Petroleum.

On September 29, 1964, pursuant to negotiations, J. C. Stroud and Triple S Oil Company (a partnership composed of Stroud, his wife and son) acquired from the Adamson Estate and Markham all the capital stock of Kilgore Petroleum and certain other oil properties, in return for which Stroud signed the note to Texas Capital.

Texas Capital declined to release Adamson and Markham at the time Stroud signed the note.

Texas Capital filed suit to recover on its note and to foreclose its deed of trust lien. It obtained a summary judgment and the property was sold at sheriff's sale, purchased by J. C. Stroud for $143,000, which was credited on the note February 8, 1967.

In the suit, the J. E. Adamson Estate (referred to as Adamson) and Markham filed cross actions against Stroud and Triple S Oil company alleging that they had assumed the note to Texas Capital and asking for a declaratory judgment to this effect, and also for judgment over against Stroud and Triple S to the extent that Adamson and

Markham might be compelled to pay the Texas Capital note.

The case at bar arose from this cross action and was tried before a jury. The jury found that Stroud did not agree to make the installment payments to Texas Capital and the court entered judgment that each of the three parties, Adamson, Markham and Stroud, should pay one-third of the obligation to Texas Capital, and declared that each of these parties was entitled to contribution on this basis to the extent that he might be required to pay in excess. That if any of the parties were insolvent or unable to pay their part, the other two should pay the obligation one-half each, with a right of contribution on that basis.

There was but one contested issue, whether Stroud agreed to make the payments to Texas Capital.

From this judgment Adamson and Markham have appealed.

We affirm.

Appellants are before this Court on four points of error, briefed together, being that the evidence shows as a matter of law that Stroud assumed to make the payments on the note to Texas Capital; the overwhelming preponderance of the evidence shows that Stroud assumed and agreed to make the payments on the note to Texas Capital; the error of the trial court in overruling Cross-Plaintiff's-Appellant's Motion for Instructed Verdict because the evidence clearly proved that Stroud had assumed to make the payments on the Texas Capital note; the error of the trial court in overruling Cross-Plaintiff's-Appellant's Motion for Judgment Notwithstanding the Verdict because the evidence clearly proved that Stroud had assumed to make the payments on the Texas Capital note.

We overrule these points.

Appellants contend that they, although signing as makers, were actually accommo-dation makers, Kilgore Petroleum Company being the accommodated party. This conclusion on behalf of the Appellants is presumptively founded on the fact that Kilgore Petroleum Company is a separate legal entity, and that it is actually the party that procured the oil properties by means of the note in question, and therefore, emerges as the accommodated party, with the Appellants being mere accommodation makers.

In analyzing Stroud's testimony, Appellants state that there was never any agreement that the parties would be liable on the note one third each if he decided to quit. Appellants further state that this was Stroud's legal conclusion, but never did he testify this was the agreement. The liability of the parties, in the absence of proof to the contrary, would be presumed to be as it appeared from the face of the note[1] and no express agreement on the part of any of the parties as to equal liability of the others, is necessary in order for such to be the legal relation of the signers, one to the other. Lockett v. Farmers' State Bank of Vernon, 205 S.W. 526 (Tex.Civ.App., Amarillo 1918, no writ). Culberson v. Hawkins, 321 S.W.2d 140 (Tex.Civ.App., Houston 1959, no writ).

If appellants were accommodation makers rather than co-makers, there would have to have been an agreement between the makers that J. C. Stroud would be solely responsible and liable on the note. No such agreement is to be found in the record and the jury concluded that there was no such agreement. Lockett and Culberson, supra. There is sufficient evidence to uphold these findings.

Mr. Stroud's analysis of the transaction was that he was to inject additional capital into the operation of the oil properties, satisfy some back taxes and accrued operating expenses and that he was to lend his expertise in view of a profitable operation of the properties. Further, he was to sign the note made the subject of this lawsuit as a "co-maker." The note was signed by Mr.

1. Vernon's Ann.Tex.Rev.Civ.Stat.Ann. Art. 5933, Secs. 24 and 29.

**688**

Stroud and on the face it expressly designates him as a "co-maker." Back operating expenses were satisfied. The payment of back taxes was fulfilled. If after a reasonable period of time had expired it appeared that through the injection of additional capital, and under Mr. Stroud's management, the properties appeared to be unable economically to fulfill the installment payments falling due under the note, then in that event Mr. Stroud could cease operation of the properties and all of the parties would share in the payment of the note.

This is a logical and reasonable business transaction. It should be borne in mind that these oil properties were in distress. Production had been falling. Texas Capital Corporation wanted additional capital put into the operation. Markham and Adamson were unwilling to inject additional funds into the operation. If Mr. Stroud had been successful in increasing the production he would have benefited in that Kilgore Petroleum Company would own the balance of the oil reserves after deducting therefrom the amount of the note. Mr. Stroud testified that he would not have touched the transaction if he were to emerge as the only party liable under the note. Adamson and Markham received considerable benefits in that through Stroud an opportunity to save the wells was presented without the necessity of their having to inject additional funds into the operation. Moreover, if Stroud's efforts proved to be unfruitful, nevertheless their over-all liability would be reduced by one-third. It is reasonable to assume that an experienced oil operator such as Mr. Stroud would not have entered into the transaction if the agreement was that he would indemnify his co-makers for any loss. It is reasonable to assume that Stroud would be welcome to try to increase the production and emerge as owner if successful and as a co-maker if unsuccessful. The burden was upon the appellants to prove an indemnity agreement and no express indemnity agreement was proved and no implied indemnity agreement can be discerned from the facts of the transaction. Moreover, the jury found there was no such agreement.

The judgment of the trial court is affirmed.

Affirmed.