## WISCHKAEMPER v. MASSEY.
### No. 4206.

Court of Civil Appeals of Texas. Amarillo.
April 23, 1934.

R. H. Templeton, of Wellington, for appellant.

Cocke & Cocke, of Wellington, for appellee.

HALL, Chief Justice.

Appellee Massey sued Edgar Wischkaemper upon a promissory note in the sum of $660, which provided for interest and attorney's fees. Wischkaemper answered, alleging that he had made certain payments to Massey which should have been credited upon the note in accordance with the contract of the parties. Massey denied making such contract and alleged that he had a note against Alvin Wischkaemper for $250 to the payment of which he applied certain admitted credits. It appears that Edgar Wischkaemper was a surety upon Alvin Wischkaemper's note. Among the payments which Edgar Wischkaemper alleged Massey should have credited upon the $660 note was the sum of $51.75.

It appears that Edgar Wischkaemper was the president of, and owned practically all of the capital stock of, the Dozier Gas Company. That his wife owned one share and his brother Alvin Wischkaemper another share, valued at $100 each, and that Alvin was the secretary and treasurer of the corporation. The item of $51.75 was made up of two vouchers aggregating that sum which had been issued to the corporation by the Dozier Independent School District. Alvin Wischkaemper collected the two vouchers and paid the proceeds thereof to Massey, testifying that he did not direct the application of the payment. The answer of Edgar Wischkaemper set out other amounts for which he claimed credit, but the controversy in this court relates only to the item of $51.75.

The appellee Massey objected to proof offered to establish the payment of $51.75, because the testimony failed to show any authority to appropriate money belonging to a corporation for private use and because the money sought to be applied was shown to belong to a corporation. This objection was sustained. Error is assigned to the ruling of the court, and we think the testimony was admissible.

The appellant also requested the court to submit a special issue with reference to this payment, which was refused. This was also error because the issue was raised by the pleadings and the evidence.

When a debtor makes payment in cash which is accepted by the creditor as a payment, it does not lie in the mouth of the latter in a subsequent action between them to question the source from which his debtor procured the money. If as a matter of fact the $51.75 was the property of the corporation, then it alone could question the right of the Wischkaempers to cash the checks and dispose of the proceeds. The corporation is in no sense a party to this suit.

It further appears that the note for $250 held by Massey was executed by Alvin Wischkaemper as principal and by Edgar Wischkaemper as surety only. It is not shown that Alvin Wischkaemper paid the $51.75 to be credited on his $250 note. The record shows that no application whatever was made by either party and no intention was expressed with reference thereto at the time the money was paid and accepted. It further appeared that no credits had been entered by Massey upon either the $250 note or the note sued upon. The rule is that where a debtor is alone liable on one debt and jointly liable upon another, a payment by him or for him should be applied to his individual debt. Hutches v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 35 S. W. 60.

It is settled law that in the absence of contract or other good ground, the debtor has the right, upon making a payment, to direct its application. Failing in this, the creditor has the right. In this case, according to the uncontradicted testimony, none of the several payments made by Edgar Wischkaemper to Massey have been applied to either debt. Under such circumstances the law will apply it to the debt for which Edgar Wischkaemper is individually liable.

The appellee has filed in this court a motion in which we are requested not to consider the appellant's assignments of error because since the filing of this suit in the

county court of Collingsworth county, which is numbered 1218 on the docket thereof, Massey filed suit No. 1222 against both Edgar and Alvin Wischkaemper to recover upon the $250 note, and that an agreed judgment was entered in that cause on October 18, 1933. It is asserted that the item for $51.75 paid by Alvin Wischkaemper was taken into account in entering that judgment, and the movant insists that the effect of the judgment is a remittitur in this cause and pleads it here "only as a settlement of the matter complained of in said assignments and also as a remittitur."

This is a novel proceeding and the motion cannot be considered for several reasons. It is in no sense a remittitur of anything. The certified copy of the pleadings and the judgment fail to sustain the statement that the item of $51.75 was taken into account in entering the consent judgment; but even if that were shown, this court could not entertain the motion, since its jurisdiction, with a few unimportant exceptions, is appellate and not original. If as a matter of fact the said item was taken into account and merged into the judgment in cause No. 1222, that is a question to be settled in the trial court and not in this court.

We therefore overrule the motion and reverse the judgment and remand the cause for another trial.