John OPRYSHEK, Jr., Appellant,

v.

McKESSON & ROBBINS, INC., Appellee.

No. 16165.

Court of Civil Appeals of Texas.

Dallas.

April 26, 1963.

Brown & Elliott, George M. Elliott, Dallas, for appellant.

Scott & Anderson, J. M. Anderson, Dallas, for appellee.

BATEMAN, Justice.

Appellee sued appellant John Opryshek, Jr., and his son, J. H. Opryshek, on sworn account for merchandise allegedly sold and delivered to the defendants and recovered judgment against them, jointly and severally. Appellant recovered judgment over against his son for the same amount. The son has not appealed. Appellant urges reversal of appellee's judgment against him on the ground that appellee failed to prove either that the merchandise was delivered or that the prices charged therefor were usual, customary or reasonable.

■ No findings of fact or conclusions of law were filed by the trial judge. The case having been tried to the court without the aid of a jury, we must determine whether there was any evidence to support the judgment and the implied findings of fact incident thereto, and in doing so will consider only the evidence most favorable, and disregard that opposed, to these issues. Renfro Drug Co. v. Lewis, 148 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

■■ Appellant filed a sworn denial of the account sued on, which placed the burden on appellee to prove its case as at common law. Burtis v. Butler Bros., Tex. Civ.App., 243 S.W.2d 235, no wr. hist. J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325. Essential elements of such proof are *inter alia* (1) sale and delivery of the merchandise and (2) that the amount of the account is just, or, in other words, that the prices charged are in accord with agreement or, in the absence of agreement, that they are usual, customary or reasonable.

By his first six points of error on appeal appellant urges that there is no evidence, and that the evidence is insufficient, to prove those two essential elements. The judgment must be affirmed if there is any evidence to support the implied findings that the merchandise was delivered and that the prices were usual, customary or reasonable. Our examination of the statement of facts reveals that there is at least some evidence, more than a scintilla, to support the former but none to support the latter.

## FACTS

Appellant, a resident of Austin, Texas, and a retired oil company employee, bought a retail drug store in Dallas and installed his son J. H. Opryshek, who was a pharmacist, as manager. He turned $10,000 over to his son, of which about $7,600 was used to purchase the business. The son bought merchandise on credit from appellee, the balance at one time amounting to $4,157.77, and made payments from time to time and merchandise was returned for credit from time to time. The amount sued for was $1,437.72. Appellant testified that his son was not authorized to buy merchandise on credit, as the balance of approximately $2,400 of the $10,000 was intended as working capital which would enable him to pay cash for all merchandise purchased. After about nine or ten months the business failed, the son left, and appellant operated the store for a short time. Attached as an exhibit to appellee's petition was a voluminous account consisting of approximately 186 pages, duly verified in conformity with Rule 185, Vernon's Texas R.C.P. As stated, appellant denied by his sworn answer that the account was just or true, in whole or in part. The account itself was never offered in evidence. At one point during the trial the attorney for the son J. H. Opryshek stated: "No question the bill is owed; the question is who owes it." Immediately thereafter, counsel for appellant reminded the court that he and his client had never agreed on any amount as being owed to appellee, that he had "filed sworn pleadings to the contrary trying to determine if there is any amount owing and how much it is." Additional detailed facts will also appear in the opinion.

## OPINION

■ In the first place, the admission in open court by the attorney representing his son and co-defendant, that "No question the

bill is owed, the question is who owes it," is not binding on appellant and cannot be considered as any evidence against him on the controlling issues before us. Neither can it be said that appellant's counsel acquiesced in such analysis by remaining silent, for he promptly spoke up and reminded the court that he was still demanding strict proof of the claim as against appellant.

Counsel for appellee called as his first witness the son J. H. Opryshek. After testifying as to the purchase of the store and his operation of same as salaried manager for his father and that he bought drugs from appellee from time to time, this question and answer followed:

"Q   And of course this account is rather voluminous and has a lot of items, but from time to time, those drugs were delivered by McKesson and Robbins, is that correct?

"A   That is correct."

We hold that this testimony is at least some evidence, sufficient to support the implied finding of delivery of the merchandise.

But a careful search of the entire record fails to reveal even a scintilla of evidence that the prices charged by appellee for the merchandise so delivered were either usual, customary or reasonable. In the absence of agreement by appellant to pay any particular price or prices, it was essential to appellee's case against appellant to offer at least some slight bit of testimony on the point; but none was offered. Dodson v. Kemper Military School, Tex.Civ. App., 42 S.W.2d 288, err. dis.; Trice Contract Carpets & Furniture, Inc. v. Martin, Tex.Civ.App., 334 S.W.2d 554, no wr. hist. This necessitates our reversal of appellee's judgment against appellant.

Our conclusion just stated renders unnecessary a discussion of appellant's seventh and eighth points assailing the awarding of $300 attorney's fee to appellee under Art. 2226, Vernon's Ann.Tex.St.

Having failed to obtain a valid judgment against appellant on the account, appellee is not entitled to recover its attorneys' fee against him.

Appellee's judgment against J. H. Opryshek is affirmed. Its judgment against appellant is reversed, but feeling that justice would be best served thereby, it is remanded.

Affirmed in part and reversed and remanded in part.