**F. K. PARKER, Appellant,**

v.

**CENTER GROCERY COMPANY, Inc., Appellee.**

**No. 89.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 18, 1965.

Rehearing Denied March 18, 1965.

·Marion G. Holt, Nacogdoches, for appellant.

.Joe Davis Foster, Center, for appellee.

MOORE, Justice.

.Appellee, Center Grocery Company, Inc., instituted this suit against F. K. Parker, appellant, upon a sworn account for merchandise allegedly sold and delivered. The trial was before a jury; however, at the conclusion of all the testimony, the court upon appellee's motion, withdrew the cause from the jury and rendered judgment for the Center Grocery Company, Inc. in the amount of $895.14, together with attorney's fees in the amount of $500.00.

Appellant perfected this appeal contending that the trial court was in error in withdrawing the case from the jury and rendering judgment for the appellee. We sustain this contention for the reasons hereinafter shown.

Appellee's unsworn petition alleges that on and before March 1, 1962, appellee sold and delivered to the appellant goods, wares and merchandise amounting to the sum of $911.51. These purchases were not itemized in the petition nor was an itemized statement thereof attached to the petition, but were only referred to as being the "balance" due on said date.

Appellee's petition further alleges that subsequent to March 1, 1962, appellant purchased additional merchandise totaling $904.41. Itemized copies of the invoices covering these purchases were attached to the appellee's petition as an exhibit which was duly sworn to by the company's vice-president. The exhibit and the supporting affidavit relates only to that portion of the account which accrued after March 1, 1962, amounting to $904.41.

Appellant's pleadings consist of a sworn denial alleging that the account was not wholly just or true; a plea of payment and a general denial.

The only evidence supporting that portion of appellee's account accruing prior to March 1, 1962, was the testimony of a former bookkeeper of the company who testified that he was familiar with the company's books of account; that the books were properly and accurately kept, and that as of March 1, 1962, the books showed appellant owed the company the sum of $911.51.

As to that portion of the itemized account accruing after March 1st, appellee sufficiently proved each invoice, and appellant, while testifying in his own behalf, admitted that each of these items were true and correct. He denied, however, that there was any previous balance on his account, maintaining that all previous accounts had been paid.

The company's ledger sheets which are in evidence show numerous debits and credits extending over a period of time from May, 1960, to August 23, 1962, and show that on March 1st, 1962, appellant's balance was $911.51. The undisputed testimony shows that appellant made payments on his account between March 1, 1962, and August 23, 1962. The total amount of such payments is equal to the total amount of the purchases, that is, $904.41. Appellee takes the position that since appellant failed to specify how the payments were to be applied, the payments must be applied to older portions of the account which accrued prior to March 1, 1962, and when so applied the company is entitled to judgment on the subsequent account covering the items purchased after March 1st in the amount of $895.14.

The general rule is that when payments are made on a running account without either the debtor or the creditor having specified as to how the payments are to be applied, the law applies such payments to the oldest unpaid portion of the account. Aetna Casualty & Surety Co. v. Hawn Lumber Co., 128 Tex. 296, 97 S.W.2d 460.

This rule, however, does not in any way alter appellee's burden of proving the entire account sued upon.

Our search of the record fails to reveal any evidence which would sustain the initial unitemized balance of $911.51. Appellant denied the account in toto by filing his sworn denial under the provisions of Rule 185, Texas Rules of Civil Procedure. The effect of the appellant's sworn denial was to put the appellee on proof of its case by a preponderance as at common law. Essential elements of such proof are inter alia (1) sale and delivery of the merchandise and (2) that the amount of the account is just, or in other words, that the prices charged are in accord with agreement, or in the absence of an agreement that they are usual, customary or reasonable. Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357, (Tex.Civ.App.), citing Burtis v. Butler Bros., 243 S.W.2d 235, (Tex.Civ.App.) no writ hist.; J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325.

Even though the proof offered relating to that portion of the account accruing after March 1, 1962, be considered sufficient to sustain that portion of the account, there is no evidence showing that the goods, wares and merchandise covered in the unitemized balance on March 1, 1962, were ever furnished appellant or received by him or that the charges therefor were either agreed upon or were reasonable or customary. Dodson v. Kemper Military School, 42 S.W.2d 288, (Tex.Civ.App.) err. dis.

If the payments made by the appellant are to be applied to the older account, such account must be based upon evidence sufficient to support a judgment thereon. Appellant obviously must rely upon the older account as a basis of recovery, otherwise the evidence would show payment in full as a matter of law. The evidence offered in support of the unitemized balance is not sufficient to support the judgment and reversal is required. Devlin v. Heid Bros., Inc., 21 S.W.2d 746, (Tex.Civ.App.); Taylor v. Wright Sales Company, Inc., 357 S.W.2d 824, (Tex.Civ.App.); 1 Tex.Jur. 2d, par. 64, page 314.

It is only in cases where the testimony is positive, direct and unequivocal that the trial court is authorized to instruct a verdict. We are of the opinion that the testimony introduced by the appellee is not so positive, direct and unequivocal that when viewed in a light most favorable to appellant, it would authorize the trial judge in directing a verdict in appellee's favor upon the account or in withdrawing the cause from the jury and rendering judgment thereon. Schucht v. Stidham, 37 S.W.2d 214, (Tex.Civ.App.).

The judgment is reversed and cause remanded.