Lynn E. SMITH et al., Appellants,

v.

**FIRST PASADENA STATE BANK,**
Appellee.

No. 14698.

Court of Civil Appeals of Texas.

Houston.

March 24, 1966.

124

Engel & Groom, Rudy M. Groom, Houston, for appellant.

C. B. Stephenson, Houston, Kamp, Laswell & Howard, Houston, of counsel, for appellee.

WERLEIN, Justice.

This suit was brought by First Pasadena State Bank, formerly Pasadena State Bank, as endorsee and assignee of certain notes and collateral owned by Channelview State Bank, against Village Outboard Store, Inc., sometimes referred to herein as Corporation, and G. B. Hamby, Lynn E. Smith, F. M. Smith and H. N. Gilbert. The case was tried before the court without a jury. From the judgment of the court decreeing that appellee, First Pasadena State Bank, recover against the above named individuals,

jointly and severally, the sum of $11,500.00 with interest at the rate of 6% per annum from October 19, 1960, and $1500.00 attorneys' fees, only Lynn E. Smith and F. M. Smith have appealed. Appellee took a nonsuit as to Village Outboard Store, Inc.

At the request of appellants, the trial court made and filed his findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

"1. On February 28, 1958, at Channelview, Texas, Defendants, VILLAGE OUTBOARD STORE, INC., G. B. HAMBY, LYNN E. SMITH, F. M. SMITH, and H. N. GILBERT, signed, executed and delivered to CHANNELVIEW STATE BANK their promissory note due six (6) months after date providing for six (6%) per cent interest from date plus reasonable attorneys' fees in the event of suit. Said note further provides, 'The drawers and endorsers severally waive presentation for payment, protest, and notice of protest or non-payment of this note, and authorize the holder hereof to extend time of payment of same or any part thereof without impairing or changing our individual or joint liabilities.' The sum of Three Thousand Five Hundred and No/100 ($3,500.00) Dollars was paid on this note.

"2. On January 9, 1959, VILLAGE OUTBOARD STORE, INC. signed, executed and delivered to CHANNELVIEW STATE BANK its promissory note in the amount of Twenty Six Thousand and No/100 ($26,000.00) Dollars due May 1, 1959, and providing for six (6%) per cent interest from date plus reasonable attorneys' fees in the event of suit. This note was given in renewal and extension of the Fifteen Thousand and No/100 ($15,000.00) Dollar note executed February 28, 1958.

"3. G. B. HAMBY, LYNN E. SMITH and H. N. GILBERT were either officers or directors of VILLAGE OUTBOARD STORE, INC., a Texas corporation, at the time the above mentioned notes were made and executed.

"4. On October 19, 1960, the above mentioned notes were transferred for value to PASADENA STATE BANK, now FIRST PASADENA STATE BANK of Pasadena, Texas.

"5. The sum of One Thousand Five Hundred and No/100 ($1,500.00) Dollars is a reasonable attorney's fee for the filing and prosecution of suit on the above mentioned notes.

"6. FIRST PASADENA STATE BANK filed suit on the above mentioned notes within four (4) years from February 28, 1958."

## CONCLUSIONS OF LAW

"1. FIRST PASADENA STATE BANK is the legal holder and owner of the above mentioned notes.

"2. G. B. HAMBY, LYNN E. SMITH, F. M. SMITH, and H. N. GILBERT are jointly and severally liable upon the above mentioned notes in the amount of Eleven Thousand Five Hundred and No/100 ($11,500.00) Dollars, plus six (6%) per cent interest on said amount from October 19, 1960.

"3. FIRST PASADENA STATE BANK is entitled to One Thousand Five Hundred and No/100 ($1,500.00) Dollars as a reasonable attorney's fee.

"4. Suit upon the above mentioned notes is not barred by the Statute of Limitations."

Appellants assert that the trial court erred in his findings Nos. 1 and 2, and also erred in failing to find that the $26,-000.00 note was accepted in lieu of or in payment of the $15,000.00 note dated February 28, 1958. The $15,000.00 note, which was introduced in evidence as Plaintiff's Exhibit No. 1, bears the signatures of the four individuals hereinabove named as individuals on the face thereof under the printed name "VILLAGE OUTBOARD STORE, INC." and contains the provisions set out in the court's findings in paragraph 1 thereof, and shows that $3,500.-

00 was paid and credited on the note, and that it, together with all collateral and endorsements securing the same, was assigned to Pasadena State Bank without recourse by Channelview State Bank on October 19, 1960.

■ The note in the sum of $26,000.00 dated January 9, 1959, which is described in paragraph 2 of the trial court's findings of fact, was assigned on the same date and in the same manner as the $15,000.00 note. It was not signed by any of the individuals above named as individuals, but was executed by the corporation by its president, G. B. Hamby, and its secretary, Lynn E. Smith, who with H. N. Gilbert were either officers or directors of the corporation. The court found that the $26,000.00 note was given in renewal and extension of the $15,000.00 note. Appellant, Lynn E. Smith, testified that the renewal of said note was part of the consideration for the $26,000.00 note. His testimony supports the court's finding. The $15,000.00 note bears on its face a stamp reading: "Renewed", showing the date of renewal as January 9, 1959. It also shows on its face that $3,500.00 had been credited thereon, leaving a balance as of such time of $11,500.00 principal, which is the amount of the court's judgment. In our opinion, the court's findings of fact are amply supported by the evidence.

■ The evidence shows that the four persons named hereinabove signed the $15,000.00 note as individuals without any limitation, and hence were liable thereon. F. M. Smith testified that he signed as an individual for the accommodation of the other three individual makers of the note. He did not sign for accommodation of the bank, and was not an accommodation maker for the bank, the payee in such note. Under Article 5933, Vernon's Annotated Texas Civ.Statutes, Sec. 29, of the Negotiable Instruments Act, he, as well as the other three individual signers, was liable on the note to the holder for value, Channelview State Bank, even though such holder at the time of making the note knew that he was only an accommodations party for the other makers of the note. By signing as a maker of the note and lending his credit thereto, F. M. Smith, and the other makers of the note, became jointly and severally liable thereon as makers. Brinker v. First National Bank of Cleveland, Tex.Civ.App., 16 S.W.2d 965, 967, reversed on other grounds, Tex.Com.App., 37 S.W.2d 136. The court in that case said:

"It is only in those cases where the note is executed for the sole purpose of its negotiation by the payee in order that he may obtain credit thereby, and under an agreement that he is to provide for payment at maturity and indemnify the maker, that the instrument becomes in law accommodation paper for the payee. These principles are established by the following cases which in their facts are, if anything, stronger than the case at bar. (citing cases)"

See also Culberson v. Hawkins, Tex.Civ. App., 321 S.W.2d 140; Magill v. McCamley, Tex.Civ.App., 182 S.W. 22, writ ref.; 9 Tex.Jur.2d, p. 142, Bills & Notes, § 121.

■ The $15,000.00 note explicitly provides and authorizes the holder thereof to extend the time of payment of the same or any part thereof, without impairing or changing the individual or joint liabilities of the makers thereof. Under such provision no extension of the time of payment of the note would discharge F. M. Smith or any of the other makers of the note. It is our view that having consented in a written stipulation in the note to any extension of time of payment, he could not thereafter revoke that consent. While under Article 5932, Sec. 18 of the Negotiable Instruments Act, F. M. Smith and the other individual makers of the $15,000.00 note were not liable on the $26,000.00 note signed by the corporation since their names were not signed thereon as individuals, the execution and delivery of such note did not have the effect of releasing them from their primary liability on the $15,000.00

note. The evidence shows that in the extensions of the $15,000.00 note, such note and the indebtedness evidenced thereby were merely renewed and extended in the new notes, including the $26,000.00 note, and that such note was retained by the payee or its assignee, and was never shown to be paid or cancelled. F. M. Smith and the other individual makers of the $15,000.00 note by signing the same agreed in advance to any extension of time subsequently granted for payment of the original obligation upon which they were all liable.

In Schwab v. Schlumberger Well Surveying Corp., 1946, 145 Tex. 379, 198 S.W. 2d 79, the court said:

"The giving of a new note for a debt evidenced by a former note does not extinguish the original indebtedness unless such is the intention of the parties. Such intention is never presumed. The burden of proving the discharge or novation is therefore upon him who asserts it. * * * In general the renewal merely operates as an extension of time in which to pay the original indebtedness. The debt is not thereby increased. It remains the same; it is in substance and in fact the same indebtedness evidenced by a new promise. (citing authorities) Hence, the new agreement made in behalf of the corporation did not create or incur a new debt within the meaning of the statute. It merely created new evidence of the existing indebtedness."

■ In the instant case appellants have wholly failed to discharge their burden of showing that the $15,000.00 note and the indebtedness evidenced thereby was paid, discharged or cancelled, or that there was any novation in connection therewith, or that there was any intention of the parties to extinguish the original indebtedness. The evidence is just to the contrary.

■ The law is well settled that where renewal notes are involved, the holder may sue either on the renewal note or on the original note. Chapman v. Crichet, 127

Tex. 590, 95 S.W.2d 360, 96 S.W.2d 64; Kern v. Smith, Tex.Civ.App., 164 S.W.2d 193, writ ref., w. m.; Hays v. First State Bank of Dell City, Tex.Civ.App., 377 S. W.2d 210, writ ref., n. r. e.

■ Appellants contend that appellee's cause of action, alleged in its first amended original petition, which was filed March 19, 1965, was barred by the four year Statute of Limitations of the State of Texas. Appellee's original petition was filed on November 3, 1961. In such petition the $15,000.00 note dated February 28, 1958, which was due six months after date, was not only alleged and described, but a copy thereof was attached to such petition as "Exhibit A". It showed on its face the four individuals hereinabove named as makers thereof. Appellee thereafter in such petition alleged certain renewals and extensions, including the $26,000.00 note executed on January 9, 1959. It alleged explicitly that such note was a renewal note, renewing, rearranging and extending, but not extinguishing the original $15,000.00 note attached to such petition as Exhibit A. Appellee also alleged in such petition that the makers of said notes were at all times advised that their liability on the $15,000.00 note was not released, and that the extension for payment of said note did not impair or change their individual or joint liability. It is true that in paragraph II of said petition, appellee alleged that said named individuals signed the note individually guaranteeing the payment thereof to Channelview State Bank. Actually they signed as makers of the note, but in any event appellee prayed for judgment against all of the parties jointly and severally.

In appellee's first amended petition, filed March 19, 1965, the same individual defendants were sued as makers, and/or accommodation makers, and/or drawers, and/or sureties, and/or guarantors, and/or endorsers of said $15,000.00 note. A copy of the same $15,000.00 note was attached to appellee's amended petition, and the prayer was for recovery against all of the said

parties jointly and severally for the amount due. The $15,000.00 note was sued upon in both petitions. We are of the opinion that appellee's amended petition did not change its cause of action and that its action was not barred by limitation. Article 5539b, V.A.T.S., expressly provides that an amendment to a pleading shall not be subject to a plea of limitation where the amendment is not wholly based on or grows out of a new distinct or different transaction or occurrence. See Hallaway v. Thompson, 1950, 148 Tex. 471, 226 S.W. 2d 816; City of Houston v. Magness, 1963, Tex.Civ.App., 364 S.W.2d 702, 705, writ ref.

■ As shown by the record, there was an unpaid balance on the $15,000.00 note in the sum of $11,500.00, in which amount appellee was given judgment. The fact that the court in his conclusions of law concluded that the four named individuals were liable on both notes in such amount has resulted in no harm to appellants. They were clearly jointly and severally liable for the unpaid balance of $11,500.00 on the $15,000.00 note which was merely renewed and extended in the $26,000.00 note. Rule 434, Texas Rules of Civil Procedure.

Appellants assert, however, that the $26,-000.00 note was reduced by payments to $18,000.00 and that the court erred in not applying such payments aggregating $8,-000.00 to the unpaid balance on the $15,-000.00 note since it was the older indebtedness. The $26,000.00 note, dated January 9, 1959, shows that $1,596.48 was paid thereon on February 13, 1959, and that $1,655.00 was paid thereon on March 18, 1959. The corporation executed certain notes in renewal and extension of the $26,000.00 note and the last such renewal note was in the sum of $18,000.00, thus indicating that a total of $8,000.00 had been paid on the $26,000.00 note. The $15,000.00 note was unsecured. When the balance of such note in the sum of $11,500.00 was renewed in the $26,000.00 note, the Channelview State Bank furnished the corporation additional money which together with such balance, made up the $26,000.00 note. The additional funds furnished went into the purchase of boats and motors under some sort of floor plan program, and the bank was given a chattel mortgage on everything on the floor, according to the testimony of appellant, Lynn E. Smith.

■ Neither the debtor corporation nor any of the individual makers of the $15,-000.00 note requested the bank to apply said payments to the $15,000.00 note, which was either merely renewed and extended in the $26,000.00 note or unaffected thereby. We are in accord with the general rule referred to by appellants in their brief, that when payments are made on a running account without either the debtor or the creditor having specified as to how the payments are to be applied, the law applies such payments to the oldest unpaid portion of the account. Aetna Casualty & Surety Co. v. Hawn Lumber Co., 128 Tex. 296, 97 S.W. 2d 460, 98 S.W.2d 167; Parker v. Center Grocery Company, Tex.Civ.App., 387 S.W. 2d 903. The general rule is not applicable under the facts of the instant case. Appellants contend, however, that the individual signers of the $15,000.00 note were merely guarantors, and hence were discharged by renewal of such note. They rely on the case of Phipps v. Willis, 11 Tex.Civ.App., 186, 32 S.W. 801, writ ref. The individual signers in the instant case were not guarantors. They were all makers of the $15,-000.00 note and were primarily liable thereon, as hereinabove stated.

In Texas Co. v. Schram, Tex.Civ.App., 93 S.W.2d 544, the court stated:

"The law is settled that where neither party has signified his purpose as to the application of payments by a debtor, the law will not apply such payments to the oldest items of indebtedness, if such application would work an injustice; and that in such cases the law makes the application which is in accord with justice and equity of the particular case."

In Wischkaemper v. Massey, Tex.Civ. App., 70 S.W.2d 771, the court said that where a debtor is alone liable on one note and jointly liable on another note, payment by or for him should be applied to his individual debt. In the case at bar only the corporation was liable on the $26,-000.00 note, and for such reason the court properly applied the payments to such note. The court in Hutches v. J. I. Case Threshing Mach. Co., 1896, Tex.Civ.App., 35 S. W. 60, error ref., held that the proceeds from the sale of mortgaged property should be applied first on that part of the indebtedness on which the mortgagor alone was liable, and then to that part of the indebtedness upon which the debtor and another person were jointly liable.

In the instant case, since the debtors made no request for application of the payments to either note, the bank had the right to make the application and apparently did so. But if the bank did not make such application, then it was up to the court to do so. It should be noted that appellants pleaded merely that Village Outboard Store, Inc. paid the $15,000.00 note. They did not plead distinctly the nature of such payment and the several items thereof, as required by Rule 95, T.R.C.P. The trial court sustained appellee's attempt to show that the $15,000.00 note was paid. There is no assignment of any error with respect to such ruling. It is our view that under the authorities hereinabove cited, the court properly applied the payments to the $26,000.00 note upon which only the corporation was liable. In any event, we cannot say that the application of the payments as made by the court was not in accord with justice and equity.

Appellants contend in their last point that the court erred in finding that $1500.00 was a reasonable attorney's fee for the filing and prosecuting of the suit on the notes in question. Both the $15,-000.00 note and the $26,000.00 note provide for reasonable attorney's fees in event of collection by law, or if placed in the hands of an attorney for collection. Testimony adduced at the trial was that $1500.00 was a reasonable fee. The court's allowance of such fee is amply supported by the evidence.

Judgment affirmed.