**Robert A. MARR, Appellant,**

v.

**O. W. CRADDOCK, d/b/a Craddock And Company, Agents, Appellee.**

No. 223.

Court of Civil Appeals of Texas.

Tyler.

July 7, 1966.

Rehearing Denied Sept. 22, 1966.

Hollie G. McClain, Gilmer, for appellant.

M. D. Carlock, Winnsboro, for appellee.

DUNAGAN, Chief Justice.

This is a suit on an account. The appellee filed this suit in the nature of a sworn account and the appellant denied the account in toto under oath.

The appellee alleged in part that at the special instance and request of the appellant, founded on business dealings between the parties, he issued insurance policies and rendered services to appellant in the regular course of business on open account; that the appellant became bound to pay appellee on demand the sum of $281.94 and though often requested to do so, appellant had not paid said sum or any part thereof. Ap-

pellee's petition also contained a plea for attorney's fees in the sum of $75.00, being the total sum of $356.94.

A trial was before the court, without a jury. The trial court rendered judgment for appellee in the sum of $356.94, being the sum of $281.94, the amount of the debt, and the sum of $75.00 attorney's fees, with interest at the rate of six per cent per annum. Appellant appealed.

Appellant has grounded his appeal on the following Points of Error:

"I.

"There is no evidence to show that the appellant owed appellee the sum of $356.94.

"II.

"The appellee did not introduce any competent evidence to show that appellant owed any amount.

"III.

"The appellee did not prove the necessary elements required in order for him to recover."

In his brief the appellant contends that there was no proof of delivery of the insurance policy (subject of suit) nor was there any proof that there was an agreement as to price, or that the account was just.

No findings of fact or conclusions of law were filed by the trial court and the case having been tried to the court without the aid of a jury, we must determine whether there was any evidence to support the judgment and the implied findings of fact incident thereto, and in doing so will consider only the evidence most favorable, and disregard that opposed, to these issues. Boucher Co. v. City Paint & Supply, Inc., 398 S.W.2d 352, (Tex.Civ.App.) 1966, n. w. h.; Daggett v. Neiman-Marcus Company, 348 S.W.2d 796, (Tex.Civ.App.) 1961, writ ref., n. r. e.; Opryshek v. McKesson & Robbins, Inc., 367 S.W.2d 357,

(Tex.Civ.App.) 1963, n. w. h.; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; and 23 A.L.R.2d 1114.

Appellee filed a verified account showing that appellant was indebted to him in the sum of $281.94. This verified account was denied under oath by appellant, thus appellee was confronted with the necessity of establishing each and every item of its account by legal and competent evidence. This he failed to do. Boucher v. City Paint & Supply, Inc., supra; Daggett v. Neiman-Marcus Company, supra; J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325, (S.Ct.) 1941; Burtis v. Butler Bros., 243 S.W.2d 235, (Tex.Civ.App.) 1951, n. w. h.; Opryshek v. McKesson & Robbins, Inc., supra.

This court speaking through Associate Justice Moore in Parker v. Center Grocery Company, Inc., 387 S.W.2d 903, (Tex.Civ. App.) 1965, n. w. h., held that where a defendant denied the account in toto by filing its sworn denial under the provisions of Rule 185, Texas Rules of Civil Procedure, that the effect of the defendant's sworn denial was to put the plaintiff on proof of its case by a preponderance of the evidence as at common law. That the essential elements of such proof are, inter alia, (1) sale and delivery of the merchandise and (2) that the amount of the account is just, or in other words, that the prices charged are in accord with an agreement or in the absence of an agreement that they are usual, customary or reasonable.

■ Upon a careful search of the record, we fail to find any evidence that the charges for the premiums by appellee for the insurance policies (the subject of this suit) and the services rendered in connection therewith, were either usual, customary, standard or reasonable. Nor do we find any testimony as to an agreed purchase charge with respect to the premiums for said insurance policies. In the absence of an agreement by appellant to pay any particular charge for premiums, it was essential to appellee's case against appellant to offer proof on the point; but none was offered. Boucher v. City Paint & Supply, Inc., supra; Opryshek v. McKesson & Robbins, Inc., supra; Dodson v. Kemper Military School, 42 S.W.2d 288, (Tex.Civ.App.) 1931, writ dism.; Trice Contract Carpets & Furniture, Inc. v. Martin, 334 S.W.2d 554, (Tex.Civ.App.) 1960, n. w. h. Under the record before us, this case must be reversed. Appellant is requesting this court to render judgment for the appellant.

■ It is the general rule in civil cases that, when the Court of Civil Appeals reverses the judgment of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed. In such cases, when it does not appear that the facts have been fully developed, the judgment of the appellate court should be one of remand and not one of rendition. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, 1936; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458, 1948; National Casualty Co. v. Hampton, 216 S.W.2d 614, (Tex.Civ.App.) 1949, writ ref., n. r. e.

Judgment reversed and remanded to the trial court.