**RON–DELL ASSOCIATES, INC.,**
Appellant,

v.

**TEXAS PLYWOOD AND LUMBER CO., INC.,** Appellee.

**No. 5294.**

Court of Civil Appeals of Texas, Waco.

Dec. 13, 1973.

Elliott, Meer, Vetter, Denton & Bates, Richard C. Guinan, Jr., Dallas, for appellant.

David Wuntch, Dallas, for appellee.

───◆───

1. Products liability was not asserted, and we express no opinion regarding same.

HALL, Justice.

The defendant appeals from a judgment awarding the plaintiff $1,445.91 in this suit on a sworn account, after a trial before the court without a jury.

Plaintiff founded its suit on five invoices which allegedly represent sales and delivery of merchandise to defendant. The suit was answered with a general denial, a sworn plea that the account is not just and true, and a sworn denial that the merchandise was purchased by or delivered to defendant.

Among other grounds for reversal, defendant contends there is no evidence that the charges made by plaintiff for the merchandise in question were reasonable or customary.

■ A defendant's verified denial of the correctness of a plaintiff's sworn account destroys the probative force of the itemized account attached to plaintiff's petition and puts the plaintiff on proof of his claim independent of the aid of Rule 185, Vernon's Texas Rules of Civil Procedure. J. E. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325, 326 (1941); Davis v. Gilmore (Tex.Civ.App., 1951, writ ref.) 244 S.W.2d 671, 675.

■ An essential part of plaintiff's proof was a showing that defendant agreed to pay the prices charged by plaintiff for the materials sold, or that the prices were reasonable and customary. Opryshek v. McKesson & Robbins, Inc. (Tex.Civ.App., 1963, no writ hist.) 367 S.W.2d 357, 359; Marr v. Craddock (Tex.Civ.App., no writ hist.) 406 S.W.2d 278, 280. We have carefully searched the entire record. There is no such proof. Defendant's complaint in this regard is sustained.

Without dispute in the record, the merchandise was actually ordered from plaintiff by Clay E. Luxton and delivered to Luxton by plaintiff. The case was tried and determined on the theory that Luxton was defendant's agent when he ordered and received the merchandise from plaintiff. The trial court filed findings and conclusions to that effect.

■ Defendant asserts there is no evidence to support the finding of agency, or, alternatively, that the finding is against the great weight and preponderance of the evidence. We shall not recite the proof bearing upon these questions, but our review of the whole record convinces us that the evidence is legally and factually sufficient to support the finding.

Defendant has other points and contentions which we need not decide.

Reversed and remanded.