**Buck BARCHEERS, Appellant,**

v.

**Cliff BRASWELL, d/b/a Cliff Braswell Company, Appellee.**

**No. 6568.**

Court of Civil Appeals of Texas, El Paso.

Feb. 9, 1977.

Lynch, Chappell, Allday & Aldridge, D. Bruce Pope, James M. Alsup, Midland, for appellant.

Gary L. Watkins, Odessa, for appellee.

## OPINION

OSBORN, Justice.

This is an appeal from a judgment in a jury-tried case where the Appellee recovered $1,538.11 for services rendered and labor performed in hauling pipe, and an additional $500.00 in attorney's fees. We affirm.

Appellee filed suit on a sworn account for hauling 25,000 feet of 4½″ casing from Midland to Wolfforth. Appellant filed a sworn denial. The principal issue in the case, upon which there was conflicting testimony from each side, was as to whether the pipe was hauled at the request of the Appellant. The jury found in Special Issue No. 1 that Mr. Barcheers ordered Mr. Braswell to haul the pipe from Midland to Wolfforth. In the only other issue submitted to them, the jury found a reasonable attorney's fee for services rendered in the prosecution of this suit.

■ Appellant urges that the judgment is erroneous because the jury made no finding as to the reasonable charges for hauling the pipe, and that there is no finding to support an award of damages. Although no issue was submitted to the jury as to the reasonable charges for the services rendered and labor performed, the trial Court, in its judgment, awarded Appellee the full amount of its sworn account. Appellee urges that since the proof established that the charges are set by the Railroad Commission, and since these charges had been approved by the Commission, the amount was established as a matter of law and there was no fact issue for a jury determination. We do not agree. The burden was upon Appellee to prove the justness of its account. Having established

that the services rendered and labor performed were at the request or direction of the Appellant, the Appellee could establish the justness of its account by proving either that the charges were based upon an agreement between the parties, or, in the absence of an agreement, that the charges were usual, customary, or reasonable. *Opryshek v. McKesson & Robbins, Inc.*, 367 S.W.2d 357 (Tex.Civ.App.—Dallas 1963, no writ); *Parker v. Center Grocery Company*, 387 S.W.2d 903 (Tex.Civ.App.—Tyler 1965, no writ); *Marr v. Craddock*, 406 S.W.2d 278 (Tex.Civ.App.—Tyler 1966, no writ); *Brooks v. Eaton Yale and Towne, Inc.*, 474 S.W.2d 321 (Tex.Civ.App.—Waco 1971, no writ).

■ Mr. Braswell identified the exhibit which contained the account, and it was received in evidence. He also identified the weight tickets which established the weight of the load hauled, and these tickets were received in evidence. He said the rates were set by the Railroad Commission. He also testified that the charges on the exhibit reflecting the account were reasonable, normal, and necessary charges. Such evidence raised a fact issue as to the justness of the account and the value of the hauling charges.

■ The finding in Special Issue No. 1 established liability upon the part of the Appellant to pay for services he had ordered Appellee to perform. Under Rule 279, Tex.R.Civ.P., where a ground of recovery consists of more than one issue, and one issue is answered by the jury and another is omitted without request or objection, such omitted issue shall be deemed as found by the Court in such manner as to support the judgment. *Grand Leader Dry Goods Company v. Caveness*, 424 S.W.2d 270 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); Masterson, Preparation and Submission of Special Issues in Texas, 6 Sw.L.J. 163 at 184 (1952). Certainly, the damage issue is a part of the ground of recovery and one of the issues upon which an implied finding may be made, where other issues of liability are established by a jury finding. *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 134

Tex. 360, 135 S.W.2d 79 (1940); G. Hodges, Special Issue Submission in Texas, Secs. 79 and 81 (1959).

Obviously, the damage issue was a part of Appellee's case. In order to obtain a jury finding on that issue, it was incumbent upon Appellee to request a proper issue as to the reasonable value of the services rendered and labor performed. In the absence of such a request, it was incumbent upon Appellant to object to the Court's charge for failure to include such an issue. *Lyles v. Texas Employers' Insurance Association*, 405 S.W.2d 725 (Tex.Civ.App.— Waco 1966, writ ref'd n. r. e.); *Petroleum Anchor Equipment, Inc. v. Tyra*, 419 S.W.2d 829 (Tex.1967). The Appellee having not requested the issue, and Appellant having not objected to the failure to submit the issue, both parties in effect agreed to submit that phase of the case to the Court rather than the jury for a determination, and by reason of the judgment entered, under Rule 279 there is an implied finding for the Appellee on the omitted jury issue as to the reasonable value of the services rendered and labor performed. *Strauss v. LaMark*, 366 S.W.2d 555 (Tex.1963); *Sinclair Refining Company v. Winder*, 340 S.W.2d 503 (Tex.Civ.App.—Waco 1960, writ ref'd); 6 Sw.L.J. 163, 164. Points of Error Nos. 3 through 6 are overruled.

By his first two points of error, Appellant contends that the trial Court erred in submitting an issue on attorney's fees and in entering judgment for such fees. He relies primarily on cases decided prior to the 1971 amendment to Article 2226, Tex.Rev.Civ. Stat.Ann. The statute now provides that any person having a valid claim "for services rendered, labor done, * * * or suits founded upon a sworn account" may recover a reasonable amount as attorney's fees.

On several occasions, the Supreme Court of Texas has held that that part of Article 2226 which permits the recovery of attorney's fees for "suits founded upon a sworn account or accounts" means the account must be one in which there is a sale upon one side and a purchase upon the other whereby title to personal property passes from one to the other. *Meaders v. Biskamp*, 159 Tex. 79, 316 S.W.2d 75 (1958); *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.1962); *Tenneco Oil Company v. Padre Drilling Company*, 453 S.W.2d 814 (Tex.1970). The net effect of those decisions is that the words "suits founded upon a sworn account or accounts" as used in Article 2226 mean a suit for goods, wares and merchandise. Thus, the Appellee in this case cannot recover attorney's fees under Article 2226 insofar as this is a suit founded upon a sworn account.

Prior to the 1971 amendment of Article 2226, attorney's fees for services rendered had to be for the personal services rendered by the claimant. *Tenneco Oil Company v. Padre Drilling Company*, supra. Since the amendment, it is no longer required that the services be rendered personally by the claimant. *Caston v. Texas Power & Light Co.*, 501 S.W.2d 472 (Tex.Civ. App.—Texarkana 1973, no writ). Having concluded that the judgment for Appellee for services rendered and labor performed should be affirmed, we conclude that he is also entitled to recover his reasonable attorney's fees. The evidence is undisputed that the account was presented and payment refused. There being no dispute as to the service having been rendered, and the jury having found that it was ordered performed by the Appellant, he is liable for attorney's fees under Article 2226. Points of Error Nos. 1 and 2 are overruled.

The judgment of the trial Court is affirmed.