William E. EVANS, Appellant,

v.

The KELLY–SPRINGFIELD TIRE COMPANY, Appellee.

No. 20775.

Court of Civil Appeals of Texas, Dallas.

June 29, 1981.

G. Dennis Sullivan, Woodburn, Sullivan & Hayslett, Dallas, for appellant.

R. Spencer Shytles, Pailet & Bader, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STEPHENS, JJ.

STEPHENS, Justice.

The Kelly-Springfield Tire Company sued "William E. Evans, d/b/a A–1 Tire Service," on a sworn account under Vernon's Tex.R.Civ.P. 185. William E. Evans answered Kelly's suit by a sworn denial, in accordance with Vernon's Tex.R.Civ.P. 93(c), that he was not liable in the capacity in which he was sued, and that he was not personally liable to the plaintiff in any manner. Kelly-Springfield then filed its motion for summary judgment, supported by an affidavit relating solely to its reasonable attorneys' fees. The court granted Kelly-Springfield's motion. The question presented is whether a verified answer to a suit on a sworn account, denying liability in the capacity in which a defendant is sued, as required by rule 93(c), is equally suffi-

cient to negate the prima facie proof afforded a sworn account, as is an answer complying with rule 185, when the defendant is alleged to have done business in an assumed name. We hold that it is, and reverse and remand.

A verified answer in accordance with rule 93(c) to a suit alleging that defendant is doing business under an assumed name, and that the defendant is not liable in the capacity in which he is sued, is sufficient to controvert the suit on a sworn account. The plaintiff is put to its proof of the claim on which the suit is founded, despite the lack of a specific denial in accordance with rule 185. *Booher v. Criswell*, 531 S.W.2d 844 (Tex.Civ.App.—Dallas 1975, no writ).

Kelly-Springfield argues that Evans' failure to present issues by written response to its motion for summary judgment precludes raising for the first time on appeal the legal insufficiency of the evidence to sustain the summary judgment. We disagree. The movant for summary judgment must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. Summary judgments must stand on their own merits. The non-movant need not answer the motion for summary judgment to contend on appeal that the grounds expressly presented to the trial court by the movant are insufficient as a matter of law to support summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Thus, Kelly-Springfield's petition, having lost its character as prima facie proof as to its right of recovery because of Evans' rule 93(c) answer could no longer be considered as summary judgment proof inasmuch as pleadings do not constitute summary judgment proof. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). Therefore, Kelly-Springfield's subsequent motion for summary judgment, unsupported by affidavit other than as to its reasonable attorneys' fees, was legally insufficient to conclusively prove that no genuine issue as to any material fact existed and to entitle Kelly-Springfield to judgment as a matter of law.

Reversed and remanded.