PAT WOMACK, INC., et al., Appellants,

v.

WESLACO AVIATION, INC., & W. Warren Nichols, Appellees.

No. 13–84–151–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 7, 1985.

**640**

Ronald B. Layer, McAllen, for appellants.

Hollis Rankin, III, McAllen, for appellees.

Before NYE, C.J., KENNEDY, and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment of the trial court favoring Weslaco Aviation, Inc., and W. Warren Nichols against Pat Womack, Inc.

Weslaco Aviation (Weslaco) is in the business of applying pesticides to agricultural crops by airplane (crop dusting). Womack is engaged in farming cotton. Weslaco filed suit asserting that Womack had agreed to pay them the charges associated with the aerial application of chemicals to his cotton crop. This case began in the trial court as a suit on sworn account. Womack filed a verified denial of the account. The case proceeded to trial before the court on its merits, whereupon the court found that Weslaco was entitled to recover the full amount of this account from Womack. Findings of fact and conclusions of law were filed and are before us in this appeal.

Womack asserts seven points of error on appeal. Womack claims that there was no evidence or, alternatively, insufficient evidence to support the implied finding that there was an account between them and Weslaco. They also argue that there was no evidence, or insufficient evidence, to support a finding that Weslaco furnished chemicals and aerial application of chemicals and that Womack agreed to pay for them. Womack also argues that there was no evidence to support the trial court finding that the goods were delivered to Womack; there was no evidence to support the justness and fairness of the bill; and there was no evidence to support a finding of an agreement to pay made by Womack.

The facts of this case are hotly disputed. Warren Nichols, President of Weslaco, testified that Homer Womack first contacted them about spraying his crop. He testified that Womack had ordered jobs in the past. On the particular job in question, Nichols testified that Womack told him to begin sending all invoices to Joe Christmas' gin. Womack told Weslaco that Joe Christmas' gin would take care of the payments.

Nichols verified the agreement prior to performing any services. According to Nichols, Weslaco sprayed Womack's crop and billed Joe Christmas, who refused to pay. The invoices, according to Nichols, were originally set up in Womack's name but were changed to Christmas' name at Womack's request. The invoices, as they appear in the record, show that they were billed to Joe Christmas' gin for services performed on Womack's cotton.

Wayne Nichols, Vice-President of Weslaco, testified that they expected Womack to pay if Joe Christmas didn't. He testified that their original understanding was that, if Joe Christmas didn't pay, Womack would. He further testified that he was personally involved in the spraying of Womack's cotton crop.

H.L. Womack testified that he had a cotton contract with Joe Christmas and told Nichols that Christmas would pay for the spraying. He said that he had entered into a contract with Christmas to grow the cotton and that he told Nichols from the very beginning that he would not pay for the spraying of the cotton crop. The trial court found the following facts that are relevant to this appeal:

1. The account sued upon was for services performed by Weslaco of aerial application of chemicals to a cotton crop owned by Womack.

2. Womack originally contacted Weslaco and requested them to perform aerial application of chemicals to his cotton crop.

3. Womack later advised Weslaco to mail the bill to Joe Christmas' gin.

4. Womack did not advise Weslaco, nor was there an agreement, that Womack would not be responsible for the charge for the aerial application to the crop.

5. Weslaco made application of the chemicals to Womack's cotton crop.

6. The bills were mailed to Joe Christmas, but payment was not made.

7. The amount due Weslaco is $6,506.00, which was a reasonable charge for such service in Hidalgo County in 1980.

8. The application of chemicals to Womack's crop was a benefit to him.

■ In this case, Womack filed a verified denial which destroyed the evidentiary effect of the sworn account and forced the plaintiff to put on proof of his claim. *Rizk v. Financial Guardian Insurance Agency, Inc.*, 584 S.W.2d 860 (Tex.1979). Because a verified denial was filed in the case at bar, Weslaco was required to prove its case as at common law. The essential elements of a common law action on account are (1) that there was a sale and delivery of merchandise, (2) that the amount of the account is just, that is, that the prices are charged in accordance with an agreement, they are the usual, customary and reasonable prices for that merchandise, and (3) that the amount is unpaid. *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396 (Tex. App.—Corpus Christi 1983, no writ); *Jones v. Ben Maines Air Conditioning, Inc.*, 621 S.W.2d 437 (Tex.Civ.App.—Texarkana 1981, no writ).

■ The trial court found from the undisputed evidence that Weslaco had promptly made application of chemicals to Womack's cotton crop after Womack had contacted them. The trial court also determined that the $6,506.00, which Weslaco claims it was owed, was a reasonable charge for services in Hidalgo County, Texas in 1980. Womack argues that there is no evidence in the record to support the finding of the justness and fairness of Weslaco's bill. After reviewing the entire record, we must agree. It was Weslaco's burden to establish the justness of its account. This could be proven by showing that the charges were based upon an agreement between the parties, or, in the absence of an agreement, the charges were usual, customary, or reasonable. *Barcheers v. Braswell*, 548 S.W.2d 76 (Tex.Civ. App.—El Paso 1977, no writ); *Brooks v. Eaton Yale and Towne, Inc.*, 474 S.W.2d 321 (Tex.Civ.App.—Waco 1971, no writ).

At trial, the parties stipulated to the introduction of the invoices which were sent to Joe Christmas' gin by Weslaco. However, there was no stipulation made that

these charges were reasonable. Furthermore, neither Warren Nichols nor Wayne Nichols testified as to the reasonableness of the charges. There was no evidence in the record that the parties agreed on an amount to be charged. We find that Weslaco did not prove its common law action on account because it failed to show the justness of the account. *Avia Jet Management Corp. v. Aeroplace Service, Inc.,* 626 S.W.2d 325 (Tex.App.—Tyler 1981, no writ); *Ron-Dell Associates, Inc. v. Texas Plywood and Lumber Co.,* 504 S.W.2d 922 (Tex.Civ.App.—Waco 1973, no writ); *Opryshek v. McKesson & Robbins, Inc.,* 367 S.W.2d 357 (Tex.Civ.App.—Dallas 1963, no writ). Appellant Womack's sixth point of error is sustained.

 The trial court also found that Womack was liable to Weslaco because the work which they performed benefited Weslaco. This suggests that the trial court may have found that Weslaco had a cause of action against Womack on *quantum meruit.* However, the pleadings assert only that the parties made an agreement whereby Womack promised to pay to Weslaco the charge for the chemicals and the aerial application of those chemicals. There is no alternative pleading for *quantum meruit* alleged in the petition or asserted by trial amendment. The law is settled that one may not merely allege an express contract and recover under quantum meruit. *Tatum v. Tatum,* 606 S.W.2d 31 (Tex.Civ.App.—Corpus Christi 1980 , no writ); *Freeman v. Carroll,* 499 S.W.2d 668 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r. e.). Appellees were precluded from recovering under a theory of quantum meruit by their lack of pleadings.

Weslaco asserts by counterpoint that this court should impose a 10% penalty upon Womack because Womack's appeal was groundless, frivolous or brought for purposes of delay. In view of our disposition of this case, the imposition of such a penalty would be clearly erroneous. Weslaco's counterpoint is overruled.

The appellate court may reverse and remand a case for another trial when it appears from the record that the case has not been fully developed. *Groves v. Hanks,* 546 S.W.2d 638 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). We believe that, in the interest of justice, the case should be reversed and a new trial ordered.

The judgment of the trial court is accordingly REVERSED and the cause is REMANDED.