**Fred L. KAPLAN, Indiv. and d/b/a Fortec Construction, Appellant.**

v.

**BERNARD LUMBER COMPANY, INC., Appellee.**

No. 13–86–080–CV.

Court of Appeals of Texas, Corpus Christi.

May 1, 1986.

Fred Kaplan, New Braunfels, pro se.

Louis LaLauren, III, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

This case involves a summary judgment on a sworn account. Appellee, Bernard Lumber Company, Inc., brought suit against appellant, Fred L. Kaplan, individually and doing business as Fortec Construction, to collect $961.06 for goods, wares and merchandise sold and delivered to appellant on account. Both parties moved for summary judgment. The trial court denied appellant's motion for summary judgment and granted appellee, Bernard Lumber Company's motion ruling that Kaplan was individually liable to appellee for the stated amount. On appeal, appellant urges that he was merely acting in his corporate capacity when he contracted to purchase goods from appellee and should not be held individually liable for goods received by his corporate principal. We reverse.

Kaplan brings two points of error to this Court. In his first point, Kaplan contends that the trial court erred in granting Bernard Lumber Company's motion for sum-

mary judgment and in denying his because the documents "clearly indicate" that he signed them in a representative capacity, and is, therefore, not personally liable for the debts arising from those documents. In his second point of error, Kaplan asserts this action by the trial court was error also because "the overwhelming weight of evidence indicates that Bernard did not rely on Kaplan's signature as a personal commitment to pay at the time Bernard Lumber Company approved" the credit application and signed the purchase order.

The record reflects that Fred Kaplan is the president of Tectonics, Inc., a Florida corporation with its principal place of business in San Antonio, Texas. Fortec Construction is a joint venture comprised of Tectonics and Forest Builders, Inc., a Pennsylvania corporation. Fortec was a collaboration between Tectonics and Forest to act as contractor on construction projects for governmental agencies. These two corporate entities operated under a joint venture agreement by which Tectonics was designated the managing "sponsor" of the venture, with Kaplan and the president of Forest specifically authorized to execute subcontracts and purchase orders on behalf of the venture. The agreement was signed by the presidents of both corporations.

Bernard Lumber was a supplier for Fortec during the time Fortec was under contract with the Army Corps of Engineers to construct facilities at Bay St. Louis, Mississippi. Fortec's contract with the Army was dated July 15, 1981. This contract clearly sets out that Fortec is a joint venture and that Kaplan was the president of one of the joint venturers.

Bernard makes its claim of individual liability against Kaplan based on a "Corporate Commercial-Credit Application." The application is a Bernard Lumber Company form filled out on behalf of Fortec and signed: "By: Fred L. Kaplan, Managing Partner." The name of the applicant is designated as Fortec, Kaplan is designated as president, and the president of Forest is designated as vice-president. Directly below the corporate officer designations is

the typewritten notation: "ALL OFFICERS ARE PARTNERS."

This credit application is not dated, however, at the top of the form in a blank labeled "APPROVED BY" appears the following handwritten notation: "OK 12/14/81 all jobs bonded /s/ A S." The credit manager for Bernard Lumber Company during the relevant time period was Arnold J. Schields, Jr. Bernard submitted the affidavit of Schields in support of its motion for summary judgment. In that affidavit, Schields stated that the credit application and the statements in it that Kaplan was the managing partner of Fortec and all officers were partners were relied on by Bernard in extending credit to Fortec.

Bernard asserts that Kaplan's execution of the application as "Managing Partner" meant that he was signing as a partner in Fortec, and, thus, he is individually liable for Fortec's debt. Kaplan, on the other hand, argues that he executed the application in his capacity as president of Tectonics, the managing partner of Fortec. Kaplan also argues that Bernard did not extend credit to Fortec based on his personal liability, but instead extended credit based upon Fortec's "performance bond." As proof, Kaplan points to the "all jobs bonded" notation on the credit application.

In opposition to Bernard's motion for summary judgment and in support of his own motion, Kaplan submitted, as proof, a purchase order dated April 26, 1982. This document is a Fortec form in which Bernard agreed to furnish certain materials to Fortec to be used on the Bay St. Louis construction project. The document was signed, "By: Fred L. Kaplan /s/ (seal) Title: Fred L. Kaplan, Managing Partner." In paragraph six (a) of this document, Bernard agrees that it "will manufacture produce and deliver the material ... and in strict accordance with ... all other prime contract documents...." Subsection (c) reads: "All terms, conditions, and requirements of all general contract documents, plans, and specifications, are incorporated herein and made a part of this purchase

order...." The "prime" or "general" contract in this instance was Fortec's Construction contract with the Army Corps of Engineers, in which Kaplan's representative capacity is clearly set out. Kaplan points out also that Bernard executed this document a full year before Fortec ordered and received the goods which are the basis of this suit.

In addition, Kaplan's proof consisted of his own affidavit in which he states that Bernard shipped materials to Fortec prior to Bernard's approval of Fortec's credit application. The approval notation was dated December 14, 1981. Kaplan stated that between October 22, 1981, and December 14, 1981, Bernard shipped $3,300.36 worth of material to Fortec. Kaplan further stated that between November 25, 1981, and December 17, 1981, Fortec issued payment checks to Bernard totalling $2,544.36. Kaplan also submitted copies of Bernard's invoices and Fortec's checks along with his affidavit.

Kaplan points out that all of Bernard's invoices designate Fortec as the buyer, not Kaplan. All the checks payable to Bernard are by Fortec, not Kaplan. The billings by Bernard were all submitted to Fortec. Kaplan argues that the fact that Bernard shipped goods to Fortec prior to the execution of the credit application is further proof that Bernard did not rely on any representation by Kaplan in the application in extending credit to Fortec.

Kaplan filed a verified answer (which Bernard Lumber Company does not challenge) to Bernard's sworn account alleging the affirmative defense that he was not liable in his individual capacity. Our inquiry is limited to the question of whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of Bernard's cause of action or of Kaplan's affirmative defense. *See Lee v. McCormick*, 647 S.W.2d 735, 738 (Tex.App.—Beaumont 1983, no writ). Kaplan's verified denial put Bernard to its proof as to the essential elements of the common law action on account. *Pat Wom-*

*ack, Inc. v. Weslaco Aviation, Inc.*, 688 S.W.2d 639, 641 (Tex.App.—Corpus Christi 1985, no writ); *see also Evans v. Kelly-Springfield Tire Co.*, 620 S.W.2d 737, 739 (Tex.Civ.App.—Dallas 1981, no writ) (verified answer to suit on a sworn account alleging defendant was not liable in the capacity in which he was sued held sufficient to controvert suit and put plaintiff to its proof).

Subsequently, the parties filed competing motions for summary judgment, along with documentary exhibits and affidavits. Where a plaintiff moves for summary judgment in an action in which the defendant has pleaded an affirmative defense, he is entitled to summary judgment if he demonstrates by evidence that there is no material factual issue upon the elements of his claim, unless the defendant shows that there is a disputed fact issue regarding the affirmative defense. *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex.1974).

Appellee, Bernard Lumber Company, bases its entitlement to a summary judgment on the theory of partner by estoppel as provided for by TEX.REV.CIV.STAT. ANN. art. 6132b, § 16(1) (Vernon 1970), which provides that "[w]hen a person, by words spoken or written ... represents himself ... as a partner in an existing partnership ... he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership...." Bernard argues the credit application signed by Kaplan as managing partner of Fortec, and the notation on it that all officers are partners is conclusive proof that he represented himself as a partner and is estopped to deny his individual liability.

In addition, Bernard points to the affidavit of Schields which states that he relied on Kaplan's representation in extending credit to Fortec as uncontroverted proof of Bernard's reliance on the representation. *See Gray v. West,* 608 S.W.2d 771, 778 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.) (liability under art. 6132b, § 16(1) requires proof of reliance on a representation of partnership). Bernard also cites

authority for the proposition that, in order for an agent to avoid liability for his signature, he must disclose his intent to sign in a representative capacity to the other contracting party. *Seale v. Nichols*, 505 S.W.2d at 255.

Appellant Kaplan, on the other hand, contends that his representative capacity as president of the managing partner of Fortec was disclosed to Bernard in the purchase order, wherein Fortec's prime contract with the government is incorporated by reference. Kaplan cites *Hartwell v. Fridner*, 217 S.W. 231, 234–35 (Tex.Civ. App.—1919, writ dism'd), in which a subcontractor sued a general contractor for breach of a contract which incorporated by reference all of the provisions of the contract between the general contractor and the owner, which provisions nullified the subcontractor's cause of action against the general contractor. The court held that the subcontractor was conclusively presumed to undertake the work subject to the conditions and limitations of the prime contract if that contract is made a part of the subcontract. Each contracting party owes a duty to the other party to read and know the contents of the contract before each one signs it. *Pickett v. Riley*, 149 S.W.2d 990, 994 (Tex.Civ.App.—Waco 1941, no writ).

We pause to note that the purchase order was executed by Bernard prior to the order and delivery of the goods for which Bernard now sues. Thus, there is some evidence that Bernard Lumber Company was put on notice of Kaplan's agency relationship with Fortec before these goods were delivered.

We do not find that Kaplan has established his defense as a matter of law: The cases cited by Kaplan involved parties suing *on contracts* in which certain documents were incorporated by reference. Here, Bernard is suing on invoices issued in 1983 and on a credit application presumably approved in 1981. The document incorporating the prime contract is a purchase order executed in 1982 and pertaining to specific goods. There is no evidence that the goods for which Bernard sues are the same goods Bernard agreed to supply in the purchase order. The evidence only indicates that all goods supplied by Bernard were ordered for and delivered to Fortec's Bay St. Louis project. This purchase order only serves to raise a fact issue as to whether Kaplan's representative capacity was disclosed to Bernard.

Kaplan also argues that the notation "all jobs bonded" on the credit application controverts Schield's affidavit stating that Bernard relied on Kaplan's representation of himself as a partner in Fortec. We agree that this notation tends to contradict Bernard's proof of reliance, and, therefore, serves to raise a fact issue as to this matter. Kaplan's proof of prior dealings between the parties (invoices and checks predating the credit application) also tends to create a factual issue as to reliance.

Neither party in this case has brought forth proof that establishes its right to recover as a matter of law. Based on the present record, we are unable to determine which document "trumps" the other. We sustain Kaplan's points of error inasmuch as they challenge the trial court's granting of Bernard's motion for summary judgment and overrule his challenge of the trial court's denial of his motion for summary judgment.

The judgment of the trial court is reversed and the cause is remanded for trial.